SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
MARGARET M. MANN, Cal. Bar No. 99054
mmann@sheppardmullin.com
ORI KATZ, Cal. Bar No. 209561
okatz@sheppardmullin.com
J. BARRETT MARUM, Cal. Bar No. 228628
bmarum@sheppardmullin.com
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone:    619-338-6500
Facsimile:    619-234-3815
CARREN SHULMAN (*admitted in New York*)
cshulman@sheppardmullin.com
30 Rockefeller Plaza
New York, New York 10112
Telephone:    212-653-8700
Facsimile:    212-653-8701

Proposed Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>MMFX CANADIAN HOLDINGS, INC.,<br><br>            Debtor. | Case No. 10-10083<br><br>Chapter 11<br><br>**DEBTOR'S EX PARTE APPLICATION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES**<br><br>[No notice or hearing required] |

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; CREDITORS; AND OTHER INTERESTED PARTIES:**

MMFX Canadian Holdings, Inc. ("Canadian Holdings") and MMFX International Holdings, Inc. ("International Holdings") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on January 5, 2010.

Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Local Bankruptcy Rule 1015-1(b), Canadian Holdings hereby applies to the Court for entry of an order directing the joint administration of its chapter 11 bankruptcy case with the related chapter 11 bankruptcy case of International Holdings.

Absent an order by this Court, Canadian Holdings and International Holdings (each a "Debtor" and together, the "Debtors") would each be required individually to administer their cases. As discussed below, joint administration is necessary and appropriate s because it would be duplicative, inefficient, and expensive to administer these cases separately. Many, if not most, motions and other pleadings filed in these cases will concern both Debtors.

Jointly administering the estates would eliminate the unnecessary duplication of effort and pleadings that would be caused by requiring Debtors to prepare and serve creditors with duplicative sets of differently captioned, but substantively identical, papers. Debtors propose that all pleadings relating to their cases shall bear a joint caption in the form of Exhibit "A" attached hereto, and that the Court clerk file and maintain all such pleadings under a single pleadings docket for both of Debtors' cases under Case No. 10-10083.

## **DISCUSSION**

This Court has jurisdiction over these cases pursuant to 28 U.S.C. §§ 1334 and 157(b). Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

On January 5, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Both cases have been assigned to the honorable Robert N. Kwan. In accordance with Bankruptcy Code Sections 1107(a) and 1108,

Debtors are operating their businesses and managing their financial affairs as debtors in possession.

Under Bankruptcy Rule 1015(b), this Court may order the joint administration of the estates of related debtors. Fed. R. Bankr. P. 1015(b). Joint administration is common when a group of business entities with inter-related operations file for chapter 11 relief. *See 9 Collier on Bankruptcy* ¶ 1015.03 (Rev. 15th ed. 2009). Courts have liberally allowed joint administration of related cases to promote procedural convenience and cost efficiencies. *See In re McKenzie Energy Corp.,* 228 B.R. 854, 874 (Bankr. S.D. Tex. 1998); *In re Steury*, 94 B.R. 553, 553-54 (Bankr. N.D. Ind. 1988). As explained in the Official Committee Note to Bankruptcy Rule 1015(b), joint administration expedites cases and reduces their overall cost:

> Joint administration as distinguished from consolidation may include combining the estates by using a single docket for the matters occurring in the administration, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters that may aid in expediting the cases and rendering the process less costly.

Joint administration is necessary and appropriate for these cases. Jointly administering the estates would eliminate the unnecessary duplication of effort and pleadings that would be caused by requiring Debtors to prepare and serve their creditors with duplicative sets of differently captioned, but substantively identical, papers. Joint administration of the estates would provide each creditor with notice of all matters relating to Debtors, thereby ensuring that creditors are fully informed of all matters potentially affecting their claims.

In addition, joint administration would reduce the cost of administering Debtors' cases and would eliminate the waste, unnecessary paperwork, duplication, and confusion that might otherwise be created by maintaining separate dockets for these related cases. Many, if not most, motions and other pleadings filed in these cases will concern both Debtors. If such motions (and the related responses and other pleadings) were required to be filed separately in each affected case, it is likely that the only material difference among each set of pleadings would be the caption. Thus, requiring each Debtor to file separate pleadings in each matter would entail

unnecessary duplication and additional paperwork without generating any additional benefit to creditors.

Joint administration of Debtors' cases would also benefit creditors, because creditors who respond to motions affecting Debtors, or who file their own motions affecting Debtors, would not be forced to prepare and file multiple sets of papers that may be identical except for the captions.

No creditor would be prejudiced by joint administration.  Joint administration is merely procedural; it has no impact on creditors' substantive rights.  *See In re N.S. Garrott & Sons*, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); *In re Blair*, 226 B.R. 502, 505 (Bankr. D. Me. 1998).  Debtors do not seek substantive consolidation of any kind.  Further, Debtors are *not* requesting that the Court maintain a joint claims register; Debtors intend for each Debtor to have a separate claims register unless the Court orders otherwise.

In short, jointly administering Debtors' cases would avoid unnecessary duplication and paperwork without prejudicing any creditors' substantive rights.

## I.

## **CONCLUSION**

For the foregoing reasons, Canadian Holdings respectfully requests that the Court enter an order, (a) authorizing the joint administration of Debtors' bankruptcy cases; and (b) directing that all pleadings, notices, orders or other papers, other than proofs of claim, schedules of assets and liabilities and statement of financial affairs, filed in any of the Debtors' cases bear a joint caption and be maintained by the court clerk under a single pleadings docket under Case No. 10-10083.

Dated: January 13, 2010

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By   */s/ Ori Katz*
ORI KATZ

Attorneys for Debtors