SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
ORI KATZ, Cal. Bar No. 209561
okatz@sheppardmullin.com
J. BARRETT MARUM, Cal. Bar No. 228628
bmarum@sheppardmullin.com
ROBERT K. SAHYAN, Cal. Bar No. 253763
rsahyan@sheppardmullin.com
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone:   619-338-6500
Facsimile:   619-234-3815
CARREN SHULMAN (*admitted in New York*)
cshulman@sheppardmullin.com
30 Rockefeller Plaza
New York, New York 10112
Telephone:   212-653-8700
Facsimile:   212-653-8701

Attorneys for Debtors

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>MMFX INTERNATIONAL HOLDINGS, INC., *et al.*,<br><br>                Debtors.<br><br>☒  Affects Both Debtors<br><br>☐  Affects MMFX International Holdings, Inc.<br><br>☐  Affects MMFX Canadian Holdings, Inc. | Case No. 8:10-bk-10083-RK<br>Case No. 8:10-bk-10085-RK<br><br>Chapter 11<br><br>(Jointly Administered under Case No. 8:10-bk-10083-RK)<br><br>**THIRD STIPULATION AND REQUEST FOR COURT APPROVAL TO EXTEND THE DEADLINES FOR THE DEBTOR TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THERETO** |

      MMFX International Holdings, Inc. ("International Holdings"), MMFX Canadian Holdings, Inc.("Canadian Holdings", and together with MMFX International, the "Debtors"), Third Fourth LLC ("Third Fourth") and Welland Security Holding Corporation ("Welland", and with the Debtors and Third Fourth, the "Parties"), each through counsel,

-1-

request that the Court approve the within stipulation (the "Stipulation") entered into between the Parties as of December 3, 2010:

### RECITALS

A. On January 5, 2010 (the "Petition Date"), the Debtors filed their voluntary petitions in the above-captioned Court commencing their chapter 11 cases. On January 26, 2010, this Court entered its order approving the joint administration of the Debtors' bankruptcy cases (the "Bankruptcy Cases").

B. On May 13, 2010, this Court entered its *Order Granting the Debtors' Motion for Extension of Exclusive Periods to File a Plan and to Solicit Acceptances thereto* [Docket #45] (the "Exclusivity Order"). Pursuant to the Exclusivity Order, the Court extended (i) the time within which the Debtors have the exclusive right to file a chapter 11 plan through and including September 30, 2010, and (ii) the time within which the Debtors have the exclusive right to solicit acceptances of such plan through and including November 29, 2010 (such time periods are referred to herein as the "Exclusivity Periods").

C. Prior to the Petition Date, Canadian Holdings' three wholly owned subsidiaries, as borrowers (the "Canadian Subsidiaries"), Fourth Third, as lender, and Welland, as collateral agent, entered into a credit agreement (the "Credit Agreement") pursuant to which Fourth Third extended credit to the Canadian Subsidiaries.

D. The Debtors' only debt arises from certain downstream guarantees (the "Guaranties") of the Canadian Subsidiaries' obligation under the Credit Agreement.

E. The Parties have been engaged in good faith negotiations for a global resolution of the Debtors' and all related entities' obligations to Fourth Third and Welland, with the intent of arriving at a consensual resolution of the Bankruptcy Cases. In conjunction with these efforts, the Parties entered into a stipulation dated September 8, 2010 (the "First Stipulation"), extending the Exclusivity Periods to October 31, 2010 and December 31, 2010, respectively. An order approving the First Stipulation was entered on September 23, 2010. In October 2010 the Parties entered into a second such stipulation to extend the Exclusivity Periods to November 30, 2010 and January 31, 2011 (the "Second

Stipulation"). The Court entered an order approving the Second Stipulation on November 4, 2010.

F. On December 1, 2010, the Court held a status conference in the above-referenced cases. As the Parties advised the Court at that status conference, the Parties' negotiations are still ongoing, and the Parties believe that further time is needed to conduct these negotiations without the pressure of the expiration of the Exclusivity Periods, as extended by the Second Stipulation. As such, the Parties believe that a further extension of the Debtors' Exclusivity Periods is appropriate to track the deadline of February 28, 2011 for the Debtors to file a motion seeking approval of a plan set by the Court at the December 1, 2010 status conference.

NOW, THEREFORE, in consideration of the foregoing and other good and valuable consideration, it is mutually agreed as follows:

**STIPULATION**

1. February 28, 2011 shall be set as the deadline for the Debtors to file a chapter 11 plan in the Bankruptcy Cases, and until then, no competing plans may be field.

2. March 31, 2011 shall be set as the last day of the period within which the Debtors have the exclusive right to solicit acceptances of their chapter 11 plan.

3. The extensions set forth herein shall be without prejudice to the Debtors' right to seek further extension of the Exclusivity Periods.

*[Signature Page Following]*

1  SO STIPULATED.

2  SHEPPARD MULLIN RICHTER & HAMPTON LLP

4  By    */S/ J. Barrett Marum*
J. BARRETT MARUM

6  Attorneys for the Debtors

7  WINSTON & STRAWN LPP

9  By    _____
10  JOHN D. FREDERICKS

11  Attorneys for Fourth Third LLC and
12  Welland Security Holding Corporation

14  APPROVED AS TO FORM:

16  By:_____

17  Nancy Goldenberg, Esq.
18  Attorney for the U.S. Trustee

SO STIPULATED.

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By  /S/ J. Barrett Marum
J. BARRETT MARUM

Attorneys for the Debtors

WINSTON & STRAWN LPP

By _____
JOHN D. FREDERICKS

Attorneys for Fourth Third LLC and
Welland Security Holding Corporation

APPROVED AS TO FORM:

By: _____
Nancy Goldenberg, Esq.
Attorney for the U.S. Trustee

| In re: MMFX INTERNATIONAL HOLDINGS, INC., *et al.*, | CHAPTER: 11 |
|---|---|
| Debtor(s). | CASE NUMBER:  8:10-bk-10083-RK & 8:10-bk-10085-RK<br>Jointly Administered under 8:10-bk-10083-RK |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
Four Embarcadero Center, 17th Floor, San Francisco, CA 94111.

A true and correct copy of the foregoing document described **THIRD STIPULATION AND REQUEST FOR COURT APPROVAL TO EXTEND THE DEADLINES FOR THE DEBTOR TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THERETO** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On  November 1, 2010  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Henkie F Barron hbarron@winston.com, docketsf@winston.com
- Nancy S Goldenberg nancy.goldenberg@usdoj.gov
- Ori Katz okatz@sheppardmullin.com
- Margaret M Mann mmann@sheppardmullin.com, michelemcconnell@sheppardmullin.com
- J. Barrett Marum bmarum@sheppardmullin.com, michelemcconnell@sheppardmullin.com
- Robert K Sahyan: rsahyan@sheppardmullin.com
- United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On December 7, 2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

> *By Overnight Mail*
> United States Bankruptcy Court
> The Honorable Robert Kwan
> 411 West Fourth Street, Suite 5165
> Santa Ana, CA 92701-4593

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 12/7/2010 | Kathryn Campion | /s/ KATHRYN CAMPION |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                                           **F 9013-3.1**