SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
ORI KATZ, Cal. Bar No. 209561
CARREN B. SHULMAN (*admitted in New York*)
AARON J. MALO, Cal. Bar No. 179985
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone: 714-513-5100
Facsimile: 714-513-5130

Attorneys for Debtors and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:10-bk-10083-RK |
| MMFX Canadian Holdings, Inc, *et al.*, | (Jointly Administered with Case Nos.: 10-bk-10085; 10-bk-27570; 10-bk-27571; and 10-bk-27572) |
| Debtors. | Chapter 11 |
| ☐ Affects MMFX Canadian Holdings, Inc. | **NOTICE OF:** |
| ☐ Affects MMFX International Holdings, Inc. | **(1) ENTRY OF INTERIM ORDER AUTHORIZING POST-PETITION FINANCING; and** |
| ☒ Affects Fasteel Corporation | **(2) FINAL HEARING ON EMERGENCY MOTION FOR FINAL ORDER (I) AUTHORIZING POST-PETITION FINANCING AND** |
| ☒ Affects MMFX Steel Corporation of America | **GRANTING LIENS AND SUPER-PRIORITY CLAIMS, AND** |
| ☒ Affects, MMFX Technologies Corporation | **(II) PROVIDING RELATED RELIEF** |
| ☐ Affects all Debtors | Date: January 12, 2011 |
| | Time: 2:30 p.m. |
| | Place: United States Bankruptcy Court 411 West Fourth Street Santa Ana, CA 92701 Courtroom 5D |
| | Judge: Hon. Robert Kwan |

**TO THE UNITED STATES BANKRUPTCY COURT, THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTORS' 20 LARGEST UNSECURED CREDITORS, THE DIP LENDER, AND CERTAIN OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that on December 17, 2010, the Court entered an interim order (the "Interim Order") approving the above-captioned Debtors' emergency motion for interim and final order (i) authorizing post-petition financing and granting liens and superpriority claims, and (ii) providing related relief (the "Emergency Motion").  A copy of the Interim Order is attached to this Notice as Exhibit A and was previously served on you on December 17, 2010.

**PLEASE TAKE FURTHER NOTICE** that a final hearing to consider the Emergency Motion will be held on January 12, 2011 at 2:30 p.m.  Any opposition to the Emergency Motion or opposition to final approval of the DIP Documents must be filed and served no later than January 4, 2011.  Any reply papers must be filed and served no later than close of business on January 10, 2011.

Dated: December 22, 2010

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By        _/s/Ori Katz_
           ORI KATZ

Proposed Attorneys for Debtors,
FASTEEL CORPORATION, MMFX STEEL
CORPORATION OF AMERICA, AND
MMFX TECHNOLOGIES CORPORATION

W02-WEST:3MAW1\403165727.1

# EXHIBIT A

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
2    Including Professional Corporations
   ORI KATZ, Cal. Bar No. 209561
3  okatz@sheppardmullin.com
   Four Embarcadero Center, Seventeenth Floor
4  San Francisco, California 94111
   Telephone:   415-434-9100
5  Facsimile:   415-434-3947
   AARON J. MALO, Cal. Bar No. 179985
6  amalo@sheppardmullin.com
   650 Town Center Drive, 4th Floor
7  Costa Mesa, California 92626-1993
   Telephone:   714-513-5100
8  Facsimile:   714-513-5130
   CARREN B. SHULMAN (*admitted in New York*)
9  cshulman@sheppardmullin.com
   30 Rockefeller Plaza
10 New York, New York 10112
   Telephone:   212-653-8700
11 Facsimile:   212-653-8701

12 Proposed Attorneys for Debtors

13                 UNITED STATES BANKRUPTCY COURT

14                 CENTRAL DISTRICT OF CALIFORNIA

15                        SANTA ANA DIVISION

16 In re:                              Case Nos. 8:10-bk-27570; 8:10-bk-27571;
                                        8:10-bk-27572
17 FASTEEL CORPORATION,

18                        Debtor.       Chapter 11

19 In re:

20 MMFX STEEL CORPORATION             **ORDER APPROVING DEBTORS'**
   OF AMERICA,                        **EMERGENCY MOTION FOR**
21                                     **INTERIM AND FINAL ORDER**
                          Debtor.      **(I) AUTHORIZING POST-PETITION**
22                                     **FINANCING AND GRANTING LIENS**
   In re:                             **AND SUPER-PRIORITY CLAIMS, AND**
23                                     **(II) PROVIDING RELATED RELIEF**
   MMFX TECHNOLOGIES
24 CORPORATION,

25                        Debtor.

26

27

28

FILED & ENTERED

DEC 17 2010

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY kent      DEPUTY CLERK

The Court having reviewed the emergency motion for an order:

(a) Authorizing the Debtors to incur post-petition secured indebtedness of up to $1.6 million on an interim and final basis, pursuant to a debtor-in-possession loan agreement, as modified by the parties (the "DIP Credit Agreement") between the Debtors and Lindsey Davidson ("DIP Lender"), pursuant to Sections 105, 361, 362 and 364 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002 and 4001(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and grant to DIP Lender a lien and security interest (the "DIP Lien") for the benefit of the DIP Lender on all property of the Debtors (the "DIP Collateral"), other than causes of action arising under chapter 5 of the Bankruptcy Code; and (b) Setting a final hearing on the this motion (the "Motion"),

THE COURT HEREBY FINDS AND CONCLUDES AS FOLLOWS:

A.    The Emergency Motion came on for hearing before this Bankruptcy Court on the 16th day of December 2010 at 3:00 p.m., with notice thereof having been given in accordance with Bankruptcy Rule 4001(c)(2) to:  (1) all agents and secured creditors of the Debtors of whom the Debtors and its counsel have knowledge; (2) the Official Creditors' Committee and/or all statutory committees appointed by the United States Trustee (the "Committee") and/or the creditors holding the 20 largest unsecured claims against the Debtors; and (3) the Office of the United States Trustee; and (4) certain other significant parties in interest.

B.    Certain creditors and parties in interest made appearances on their own behalf and/or through counsel as noted on the record, and expressed their opinions on the Emergency Motion.  The Court has examined the Emergency Motion and Fourth Third LLC's objection thereto and is entering this Order based upon the pleadings on file herein, and the arguments of counsel at the hearing, and all other evidence presented to the Court.

C.     All capitalized words not otherwise defined in this Interim Order have the meanings given for said terms in the DIP Credit Agreement.

D.     Debtors have requested that DIP Lender loan funds to Debtors (the "DIP Financing") pursuant to the terms and conditions set forth herein and in the DIP Credit Agreement, and all documents, instruments and agreements executed in connection therewith (collectively, the "DIP Documents").

E.     The Debtors are unable to obtain unsecured credit allowable under Bankruptcy Code Section 503(b)(1), pursuant to Bankruptcy Code Sections 364(a), (b), (c) or on any basis other than the arrangement with DIP Lender.

F.     The secured credit to be provided under the DIP Credit Agreement is necessary to fund the business of the Debtors and to pay the actual and necessary costs and expenses of preserving the Debtors' estates in accordance with the Budget (defined below).

G.     The terms and conditions of the secured DIP Financing sought by the Debtors in the Emergency Motion, as set forth in the DIP Credit Agreement are, under the circumstances, the most advantageous currently available to Debtors.  After considering all alternatives, and engaging in discussions with other potential lenders for debtor-in-possession financing, the Debtors have concluded, in the exercise of their best and reasonable business judgment, that the terms and conditions contained in the DIP Credit Agreement represent the best financing terms available to Debtors.

H.     DIP Lender has agreed to extend the DIP Financing on the terms and conditions contained in the DIP Credit Agreement and in reliance thereon, provided that this Court enters an order satisfactory to DIP Lender approving the DIP Credit Agreement and granting such liens, claims and priorities to DIP Lender as are set forth herein and in the DIP Credit Agreement.

I.     Based on the record presented to the Court by the Debtors, it appears that (i) the secured financing arrangement contemplated by the Emergency Motion and

approved herein, pursuant to which post-petition loans will be made available to Debtors by DIP Lender, is entered into by DIP Lender in good faith as the term "good faith" is used in Section 364(e) of the Bankruptcy Code, (ii) DIP Lender has expressly relied upon the protections offered by Section 364(e) of the Bankruptcy Code in extending such financing to Debtors, and (iii) in making decisions to extend credit or enforce their rights under the DIP Credit Agreement, DIP Lender shall not be deemed to be in control of the operations or properties of Debtors so as to subject DIP Lender to any liability (including, without limitation, environmental liability). Likewise, it appears that DIP Lender has adequately disclosed and apprised all interested parties of current or past relationships with the Debtors.

J.  Notice of the Emergency Motion sufficient to satisfy the requirements of Federal Rules of Bankruptcy Procedure ("FRBP") 2002 and 4001(c)(1), has been given to the United States Trustee, the Committee, or if no Committee has been appointed, the 20 largest unsecured creditors of Debtors, the appropriate Office of the United States Trustee, all secured creditors and all parties otherwise entitled to notice. No further notice of the request for the relief granted in this Interim Order is required.

K.  The terms and conditions contained in the DIP Documents are the result of arms' length negotiations, and Debtors are receiving fair consideration and reasonably equivalent value from DIP Lender for the obligations incurred and the liens granted to DIP Lender.

L.  Good cause has been shown for the entry of this Interim Order. Among other things, pending confirmation of a plan of reorganization or the sale of some or substantially all of the Debtors' assets, entry of this Interim Order will minimize disruption of the Debtors' businesses and operations and permit them to meet payroll and other operating expenses, obtain needed supplies and retain customer and supplier confidence by demonstrating an ability to maintain normal operations. The use of the DIP Financing authorized hereunder is vital to avoid immediate and irreparable harm to the Debtors' estates. The ability of Debtors to continue in

-4-

business so that they can attempt to reorganize under the Bankruptcy Code depends

on obtaining the relief sought in the Emergency Motion and in this Interim Order.

Approval of the protections granted herein is therefore in the best interest of the

Debtors' estates.

M.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and

1334.  Consideration of this matter constitutes a core proceeding as defined in 28

U.S.C. § 157(b)(2).  The statutory predicates for the relief sought herein are

sections 105, 362, 363 and 364 of the Bankruptcy Code and Rule 4001(c) of the

Federal Rules of Bankruptcy Procedure.  Venue of these Chapter 11 cases and the

Emergency Motion seeking approval of this Interim Order in this District is proper

pursuant to 28 U.S.C. §§ 1408 and 1409.

NOW, THEREFORE, BASED UPON THE FOREGOING, IT IS HEREBY

ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.    The Emergency Motion is hereby granted in all respects, and the DIP Credit
Agreement attached hereto as Exhibit "A" is hereby approved subject to the
terms and conditions set forth in this Order.

2.    Good and sufficient notice of the Emergency Motion's request for approval
of the DIP Financing and the other relief requested therein has been provided
in accordance with, inter alia, 11 U.S.C. §§ 102(1), 364(c), and FRBP 2002
and 4001(c), and any requirement for other and further notice shall be, and it
hereby is, dispensed with and waived.

3.    The Debtors are authorized to obtain secured indebtedness from DIP Lender
pursuant to the DIP Credit Agreement in an amount not to exceed
$391,000.00, plus any applicable interest, fees, and costs in accordance with
the DIP Credit Agreement (the "DIP Indebtedness") and to borrow and
become obligated for all borrowings, interest and fees from such available
amounts under the DIP Documents, and DIP Lender is authorized to disburse

1     to Debtors, a total of $391,000.00 from the DIP Lender prior to the final

2     hearing to be conducted on January 12, 2011.

3    4.    The Debtors are expressly authorized and approved to execute, deliver,

4     perform and consummate all of the terms and conditions set forth in the DIP

5     Documents, and any and all other documents, instruments and agreements

6     reasonably requested by DIP Lender to execute, effectuate, carry out, or

7     consummate all of the terms and conditions set forth in the DIP Documents

8     and this Interim Order.  The Debtors are further authorized and directed to

9     pay any and all costs, charges and expenses, including counsel fees, payable

10     under the DIP Documents.  Such costs, charges and expenses are hereby

11     approved and deemed earned by DIP Lender upon entry of this Interim Order

12     and the first advance by DIP Lender to Debtors pursuant to the terms of the

13     DIP Documents and shall be promptly paid to DIP Lender in accordance

14     with the DIP Documents.

15    5.    To secure the repayment of the DIP Indebtedness and any and all other

16     obligations of Debtors to DIP Lender created by or arising under the DIP

17     Documents, pursuant to Section 364 of the Bankruptcy Code, DIP Lender

18     shall have, and is hereby granted an administrative expense claim equivalent

19     in priority to a claim under Section 364(c)(1) of the Bankruptcy Code, with

20     priority, subject to the limitations in paragraph 7 of this Interim Order and

21     subject to Section 507(b), superior to all other costs and expenses of

22     administration of the kinds specified in, or ordered pursuant to, Sections 105,

23     326, 327, 328, 330, 331, 503, 506(c), 507, 726, or 1114 of the Bankruptcy

24     Code or otherwise, and shall at all times, to the extent permitted by

25     applicable law, be senior to the rights of Debtors or any successor trustee,

26     examiner, or responsible person in these or any subsequent proceedings

27     under the Bankruptcy Code ("Super-Priority Claim"), except for any chapter

28     7 trustee.

6.      To further secure the repayment of the DIP Indebtedness, the Borrowers hereby grant and the Lender shall have the following: (a) a fully perfected, first priority security interest in and lien under section 364(c)(2) of the Bankruptcy Code on all unencumbered Collateral[1] of the Borrowers, and (b) a fully perfected junior lien under section 364(c)(3) on all previously encumbered Collateral of the Borrowers, meaning that they are junior with respect to any property encumbered by liens held by Wells Fargo as of the petition date.[2] The liens granted under clauses (b) and (c) herein shall be referred to as the "DIP Liens". The Superpriority Claim and DIP Liens shall be subject only to the Carve Out set forth in paragraph 7 of this Interim Order and the Permitted Liens; provided that the DIP Indebtedness shall not be payable from the proceeds of any Avoidance Actions or commercial tort claims. The DIP Liens and the perfection thereof shall be further evidenced and accomplished by a security agreement executed by Borrowers and the filing of such UCC-1 Financing Statements and such other instruments, filings and actions as Lender determines to be necessary or appropriate in order to properly grant and perfect such security interests under applicable law and to otherwise protect Lender.

---

[1] "Collateral" of the Borrowers means all of the property, assets or interests in property or assets of the Borrowers, jointly and severally, of any kind or nature whatsoever, real or personal, now existing or hereafter acquired or created, including all property of the Borrowers' bankruptcy estates (within the meaning of the Bankruptcy Code), including all causes of action, accounts, inventory, chattel paper, contract rights, instruments, documents, general intangibles (including all intellectual property, copyrights, deposit accounts, licensing agreements, patents, trademarks and trade names), machinery and equipment, real property, leases, cash, bank accounts and other investment property (but specifically excluding all causes of action arising under chapter 5 of the Bankruptcy Code ("Avoidance Claims") and the proceeds of commercial tort claims), together with all proceeds, rents, products and profits of any of the foregoing.

[2] Previously encumbered Collateral means any Collateral that is subject to a valid, enforceable, non-avoidable, perfected security interest in existence as of the Petition Date (the "Permitted Liens").

1    7.    Any other provision of this Interim Order or the DIP Credit Agreement to

2    the contrary notwithstanding, the DIP Liens and the Super-Priority Claim

3    shall be subject to payment of the following carve out expenses (the "Carve

4    Out"): (a) fees payable to the United States Trustee pursuant to 28 U.S.C. §

5    1930(a)(6); and (b) the claims of the respective retained professionals of the

6    Borrowers or any official committee of unsecured creditors  (the

7    "Committee") whose retention is approved by this Court during the Cases

8    pursuant to Sections 327, 328, and 1103 of the Bankruptcy Code

9    (collectively, the "Retained Professionals") for unpaid fees and expenses

10    which were incurred at any time on and after the Petition Date and before the

11    Termination Date; provided that, in each case, such fees and expenses of the

12    Retained Professionals are (i) authorized under the Budget(s) approved by

13    Lender and (b) ultimately allowed on a final basis by this Court under

14    sections 330 and 331 of the Bankruptcy Code (nothing herein shall waive the

15    right of any party to object to the allowance of any such fees and expenses).

16    8.    The DIP Liens in, on and to the Collateral granted by Debtors pursuant to

17    this Interim Order and the financing arrangement set forth in the Emergency

18    Motion are hereby deemed effective, valid and perfected as of the

19    commencement of Debtors' bankruptcy cases, without the necessity of the

20    filing by any person of any deeds of trust, mortgages, UCC financing

21    statements, notices of liens and security interests, documents or other

22    instruments otherwise required to be filed under applicable non-bankruptcy

23    law for the perfection of security interests or mortgages, with such validity

24    and perfection being binding upon any subsequently appointed Trustee,

25    either in a Chapter 11 case or a case under any other Chapter of the

26    Bankruptcy Code, and on any and all other creditors of Debtors who have or

27    may hereafter extend credit to Debtors, or file a claim of any nature

28    whatsoever, in this or any superseding Bankruptcy Case of Debtors.

9.    Commencing on the Petition Date, and consistent with the DIP Documents, Debtors are authorized to request and receive from DIP Lender the available balance of the DIP Financing.

10.    Debtors shall mail copies of a notice of the approval of this Interim Order, together with a copy of this Interim Order, to the parties having been given notice of the Emergency Motion and to any other party which has filed a request for notices with this Court and to counsel for any Committee.  The notice of approval of this Interim Order shall state that any party in interest objecting to this Interim Order as a final Order shall file written objections with the United States Bankruptcy Court Clerk for the Central District of California no later than January 4, 2011.  Any other further obligation for notice of the relief granted herein and of the final hearing on the Emergency Motion shall be, and hereby is, dispensed with and waived.

11.    As noted above, a final hearing to consider the Emergency Motion will be held on January 12, 2011 at 2:30 p.m. and any opposition to final approval of the DIP Documents must be filed and served no later than January 4, 2011.  Any reply papers must be filed and served no later than close of business on January 10, 2011.

###

DATED: December 17, 2010

_____
United States Bankruptcy Judge

Cash Forecast

| | aw | ax | ay | ba | | | | bf+bg | | | bj | | bl | bm | bn | bn |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Week # | 3 | 4 | 5 | 1 | 2 | 3 | 4 | 1 | 2 | 3 | 4 | 1 | 2 | 3 | 4 | 1 |
| Friday Ending: | 12/19 | 12/26 | 1/2 | 1/9 | 1/16 | 1/23 | 1/30 | 2/6 | 2/13 | 2/20 | 2/27 | 3/6 | 3/13 | 3/20 | 3/27 | 4/3 |
| | | | | | | | | | | | | | | | | |
| Beg Book Cash | - | (7,080) | (96,880) | (230,249) | (391,734) | (648,561) | (680,195) | (793,709) | (1,196,377) | (1,454,382) | (1,522,286) | (1,588,541) | (1,558,560) | (2,068,956) | (2,143,682) | (2,248,964) |
| | | | | | | | | | | | | | | | | |
| Sources | | | | | | | | | | | | | | | | |
| MMFX A/R | 570 | 72,656 | 5,249 | 86,183 | 3,569 | 43,092 | 7,234 | - | 2,391 | 6,822 | 54,027 | 102,649 | - | | - | |
| Martinez Riverside | | 12,000 | | | | 35,000 | | | | 35,000 | | | 35,000 | | | |
| WFB APA Advance | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| APA Colateral | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Insurance refund | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Investor Funds | | | | | | | | | | | | | | | | |
| Value Added fee - Adelphia | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Sources | 570 | 84,656 | 5,249 | 86,183 | 3,569 | 43,092 | 42,234 | - | 2,391 | 6,822 | 89,027 | 102,649 | - | - | 35,000 | - |
| | | | | | | | | | | | | | | | | |
| Payroll | 7,650 | 7,650 | 102,650 | 7,650 | 102,650 | 7,650 | 102,650 | 7,650 | 102,650 | 7,650 | 102,650 | 7,650 | 102,650 | 7,650 | 102,650 | 7,650 |
| Consultants | - | 6,150 | 4,270 | 5,751 | 5,150 | 4,000 | 6,150 | 5,751 | 5,150 | 4,000 | 6,150 | 5,751 | 5,150 | 4,000 | 6,150 | 5,751 |
| Employees | - | 4,328 | 4,451 | 4,997 | 4,621 | 5,011 | 4,328 | 4,997 | 4,621 | 5,011 | 4,328 | 4,997 | 4,621 | 5,011 | 4,328 | 4,997 |
| Freight | - | - | - | - | - | - | 465 | - | - | - | - | - | - | - | - | - |
| Insurance | - | 547 | - | 15,000 | 9,241 | 22,173 | 547 | 15,000 | 9,241 | 22,173 | 547 | 15,000 | 9,241 | 22,173 | 547 | 15,000 |
| Interest | - | - | 9,000 | - | - | - | 9,000 | - | - | - | 9,000 | - | - | 9,000 | - | 9,000 |
| Leases | - | 416 | - | 5,348 | 416 | 748 | 416 | 5,348 | 416 | 748 | 416 | 5,348 | 416 | 748 | 416 | 5,348 |
| Office | - | 8,223 | 4,168 | 5,467 | 4,472 | 5,485 | 8,223 | 5,467 | 4,472 | 5,485 | 8,223 | 5,467 | 4,472 | 5,485 | 8,223 | 5,467 |
| Product | - | 144,174 | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Professional | - | - | - | - | - | 5,000 | - | - | - | 5,000 | - | - | - | 5,000 | - | - |
| Ch 11 Professional | - | - | - | 175,000 | - | - | - | 325,000 | - | - | - | - | - | 250,000 | - | - |
| Rent | - | - | - | - | 116,660 | 2,809 | - | - | 116,660 | 2,809 | - | - | 116,660 | 2,809 | - | - |
| Taxes | - | 1,146 | 104 | - | - | - | 1,146 | - | - | - | 1,146 | - | - | - | 1,146 | - |
| Utilities | - | 1,822 | 475 | 4,456 | 2,186 | 6,851 | 1,822 | 4,456 | 2,186 | 6,851 | 1,822 | 4,456 | 2,186 | 6,851 | 1,822 | 4,456 |
| WFB APA Interest | - | - | 7,500 | - | - | - | 5,000 | - | - | - | 5,000 | - | - | - | - | - |
| Total Post-Petition Uses | 7,650 | 174,456 | 123,617 | 232,668 | 245,396 | 59,726 | 125,747 | 387,668 | 245,396 | 59,726 | 125,282 | 57,668 | 495,396 | 59,726 | 125,282 | 57,668 |
| | | | | | | | | | | | | | | | | |
| Other | | | | | | | | | | | | | | | | |
| Moving expenses on new lease | | | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 |
| Inv Line repayment | | | | | | | | | | | | | | | | |
| Other-Due Diligence | | | | | | | | | | | | | | | | |
| Other-Middle East | | | 15,000 | | | | 15,000 | | | | 15,000 | | | | | 15,000 |
| Caster storage | | | | | | | | | | | | | | | | |
| Other | | | | | | | | | | | | | | | | |
| Total Other | - | | 15,000 | 15,000 | 15,000 | 15,000 | 30,000 | 15,000 | 15,000 | 15,000 | 30,000 | 15,000 | 15,000 | 15,000 | 15,000 | 30,000 |
| | | | | | | | | | | | | | | | | |
| Change in Cash | (7,080) | (89,800) | (133,369) | (161,485) | (256,827) | (31,634) | (113,513) | (402,668) | (258,005) | (67,904) | (66,255) | 29,981 | (510,396) | (74,726) | (105,282) | (87,668) |
| | | | | | | | | | | | | | | | | |
| End Book Cash | (7,080) | (96,880) | (230,249) | (391,734) | (648,561) | (680,195) | (793,709) | (1,196,377) | (1,454,382) | (1,522,286) | (1,588,541) | (1,558,560) | (2,068,956) | (2,143,682) | (2,248,964) | (2,336,632) |
| | | | | | | | | | | | | | | | | |
| DIP Financing Draw | 7,080 | 89,800 | 133,369 | 161,485 | 256,827 | 31,634 | 113,513 | 402,668 | 258,005 | 67,904 | 66,255 | - | 510,396 | 74,726 | 105,282 | 87,668 |
| Cumulative DIP Balance | 7,080 | 96,880 | 230,249 | 391,734 | 648,561 | 680,195 | 793,709 | 1,196,377 | 1,454,382 | 1,522,286 | 1,588,541 | 1,588,541 | 2,098,937 | 2,173,663 | 2,278,945 | 2,366,613 |
| | | | | | | | | | | | | | | | | |
| Tons | | - | | - | | - | | | | | | - | | - | | - |
| Adelphia orders | | - | | - | | - | | | | | | - | | - | | - |
| cascade | | - | | - | | - | | | | | | - | | - | | - |
| adelphia fee | | - | | - | | - | | | | | | - | | - | | - |
| MMFX | | - | | - | | - | | | | | | - | | - | | - |

# EXHIBIT A

# EXHIBIT A

LOAN AGREEMENT

THIS AGREEMENT, dated as of December __, 2010, is between MMFX
TECHNOLOGIES CORPORATION, a California corporation, MMFX Steel Corporation
of America, a Nevada corporation, and Fasteel Corporation, a California corporation
("Borrowers") and Lindsey Davidson, as Trustee of the Lindsey Davidson Trust dated
April 28, 2009 ("Lender").

RECITALS

A.    WHEREAS, Borrowers are debtors-in-possession under title 11 of the United
States Code (the "Bankruptcy Code"), Central District of California Bankruptcy, and
require post-petition financing, without which they will suffer immediate and irreparable
harm, for additional working capital to fund their operations; and

B.    WHEREAS, Borrowers contemplate a recapitalization pursuant to a Chapter 11
Plan; and

C.    WHEREAS, Lender is willing to advance a loan not to exceed a maximum
principal amount of $1,600,000 pursuant to the terms of this Agreement and related
documents referred to herein (the "DIP Loan"); and

D.    WHEREAS, any Advances (as defined in Section 2 below) made under this
Agreement shall be evidenced by a Revolving Promissory Note of even date herewith
made by Borrowers in favor of Lender in the original principal amount of $1,600,000 (as
amended, restated, supplemented, modified, extended, or renewed from time to time, the
"Note"), a security agreement and such other documents, agreements, filings and
instruments required by the Lender in Lender's sole and absolute discretion (collectively
with this Agreement, the "Loan Documents");

E.      WHEREAS, other than the financing pursuant to the post-petition financing proposed hereunder, Borrowers contend that they have been unable to obtain additional needed unsecured credit, allowable as an administrative expense under § 503(b)(1) of the Bankruptcy Code, or sufficient secured credit secured by a junior security interest on encumbered property of the estate under § 364(c)(3) of the Bankruptcy Code, or a senior security interest on unencumbered property of the estate under § 364(c)(2), and Borrowers believe that they cannot obtain credit from any other lender on terms better than those set forth in this Agreement;

F.      WHEREAS, Borrowers, in order to satisfy their need for post-petition financing, desire to borrow up to $1,600,000 and obtain Advances from Lender, which Advances shall be made pursuant to the terms of this Agreement and the other Loan Documents; and

G.      WHEREAS, Lender is currently party to two pre-petition loan agreements:  (i) that certain 12% secured note, dated August 1, 2010 in the original principal amount of $400,000, and (ii) that certain 12% secured note dated October and November 2009 in the original principal of amount of $500,000, Lender's portion of which is $50,000, which loans are secured by certain of the Borrowers' inventory and equipment (a list of such inventory and equipment are attached), and pursuant to which Lender contends it is entitled to monthly payments of $4,500.00 for interest ("Existing Loan").

## AGREEMENT

NOW THEREFORE, the parties enter into the following agreement:

1.      Recitals Incorporated. The foregoing recitals are hereby acknowledged as true and correct.

2.      Loan Advances. Subject to the provisions of Section 5 and Section 14, Lender shall advance (each such extension of credit being herein called an "Advance" and collectively, the "Advances") to Borrowers up to the principal amount of $1,600,000, not to exceed $400,000 in any one calendar month. Interest of 10% per annum shall be charged against Advances, calculated on the basis of a 360-day year and actual days elapsed, and the Borrowers shall make interest only payments equal to the full amount of then accrued and unpaid interest to Lender on the first day of each calendar month, beginning with the interest payment on January 1, 2011 from the date such Advances are made until paid in cash in full.  Lender may deliver the Advances to one or all of Borrowers with any Advance being delivered to one or all of them being deemed to have been properly delivered to Borrowers hereunder.

3.      Loan Documents. Any Advances made hereunder shall be subject to the terms of this Agreement, the Loan Documents, and any applicable order of the Bankruptcy Court approving the DIP Loan.

4.      Lender Records. The amount of each Advance shall be recorded on the books and records of Lender, and such record shall constitute proof of such Advance, and shall be admissible in evidence on such issue.

5.      Borrowers' Business Operations. Borrowers shall operate their businesses pursuant to the budget attached hereto as Exhibit A (the "Budget"), and may use the Advances for the purposes described in and up to the amounts listed in the Budget (or according to deviations from the Budget approved by Lender in writing).

6.      [Reserved].

7.      [Reserved]

8.      Cost of Loan. As and for additional consideration for this Agreement, Borrowers agree that Lender is entitled to be reimbursed for its reasonable legal fees and expenses in connection with offering, implementing and enforcing the DIP Loan, payable out of Advances, if elected by Lender.  Alternatively, Lender may require that Borrower reimburse these sums to Lender within ten (10) days following written demand for payment.  All such legal fees and expenses, until paid, shall be secured by the DIP Loan. In the event of a dispute regarding the reasonableness of such legal fees, the Bankruptcy Court shall determine such dispute.

9.      Grant of Superpriority Administrative Expense Claim and DIP Liens. As security for repayment of the DIP Loan, the Borrowers hereby grant and the Lender shall have the following:  (a) a superpriority administrative expense claim for Advances, pursuant to §364(c)(1) of the Bankruptcy Code ("Superpriority Claim") to the extent allowable under § 507(b), (b) a fully perfected, first priority security interest in and lien under section 364(c)(2) of the Bankruptcy Code on all unencumbered Collateral  of the Borrowers, and (c) a fully perfected junior lien under section 364(c)(3) on all previously encumbered Collateral of the Borrowers.   The liens granted under clauses (b) and (c) herein shall be referred to as the "DIP Liens". The Superpriority Claim and DIP Liens shall be subject only to the Carve Out and the Permitted Liens.  The DIP Liens and the perfection thereof shall be further evidenced and accomplished by a security agreement executed by Borrowers and the filing of such UCC-1 Financing Statements and such other instruments, filings and actions as Lender determines to be necessary or appropriate in order to properly grant and perfect such security interests under applicable law and to otherwise protect Lender.

10.     Carve Out. The DIP Liens shall be subject to the following carve out expenses (the "Carve Out"):

(a)       fees payable to the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6); and

(b)       the claims of the respective retained professionals of the Borrowers and an official committee of unsecured creditors appointed in this case (the "Committee") whose retention is approved by this Court during the Cases pursuant to Sections 327, 328, and 1103 of the Bankruptcy Code (collectively, the "Retained Professionals") for unpaid fees and expenses which were incurred at any time on and after the Petition Date and before the Termination Date; provided that, in each case, such fees and expenses of the Retained Professionals are (i) authorized under the Budget(s) approved by Lender and (b) ultimately allowed on a final basis by this Court under sections 330 and 331 of the Bankruptcy Code (nothing herein shall waive the right of any party to object to the allowance of any such fees and expenses).

For the sake of clarity, in the event the DIP Loan is terminated, or there are insufficient funds to repay the DIP Loan in full, the Carve Out shall not be subject to recovery by the Lender.

11.     Existing Loan.  If a final order is entered, any challenge to the Existing Loan by any party in interest must be asserted within the later of (1) 60 days after entry of the final order or (2) 30 days after the appointment of a Committee.  Such challenge must be asserted in a writing filed with the Bankruptcy Court.  In the event no such challenge is

made, the Existing Loan shall be automatically deemed to be a valid and allowed claim against the Borrowers and their respective estates.

12.     Termination Date. This Agreement shall terminate upon the earliest of: (1) the occurrence of any material breach of its terms by Borrowers, including a breach of any of the terms of the Loan Documents or any Event of Default; (2) the closing of a sale of all or substantially all of the assets of Borrowers pursuant to a sale under Section 363 of the Bankruptcy Code; (3) the effective date of a confirmed Chapter 11 plan of reorganization; (4) the conversion of any Borrower's bankruptcy case from a case under Chapter 11 to a case under Chapter 7 of the Bankruptcy Code; (5) the dismissal of any Borrower's bankruptcy case, (6) appointment of a Chapter 11 trustee in any Borrower's case, or (7) December 31, 2011 (the earliest such event or date, referred to herein as the "Termination Date").

13.     Effect of Termination. If the DIP Loan is terminated, except upon the effective date of a confirmed plan of reorganization, Lender shall have a right to seek relief from the automatic stay on shortened notice, with a hearing on such relief to be held within 7 business days of the Lender seeking such relief.  In addition, if the DIP Loan is terminated, (i) Lender shall automatically have no further obligation to Borrowers, (ii) any Advances then outstanding shall be immediately due and payable upon Lender's written notice that such termination has occurred, (iii) and, except as otherwise provided in this Agreement or prohibited by the automatic stay, Lender shall be permitted to pursue any and all available rights and remedies against Borrower and the collateral granted as security for the DIP Loan.  Following termination of the DIP Loan, the Borrowers shall carry the burden to demonstrate cause why relief from stay should not be granted.

14.    Conditions to Advances under the DIP Loan.

    (a)    Bankruptcy Court Order (the "DIP Order"), in form and substance satisfactory to the Lender in respect of the approval of this DIP Loan and creation of the court-ordered super priority claims and security interests provided for herein shall have been made by the Bankruptcy Court.

    (b)    No Event of Default shall have occurred or be continuing.

    (c)    The Termination Date shall not have occurred.

    (d)    Execution and delivery of all Loan Documents required by the Lender in connection with this transaction.

15.    Binding Effect. This Agreement shall be binding upon Borrowers and Lender, their respective successors, assigns and heirs, including any subsequent trustee for Borrowers in reorganization or otherwise, and shall inure to the benefit of Borrowers, Lender and their respective successors, assigns and heirs except that Borrowers may not assign or transfer their rights hereunder without the prior written consent of Lender. The terms of this Agreement and the balance of the Loan Documents shall be valid and enforceable obligations of Borrowers jointly and severally, and all such obligations and the security interests, liens, rights and privileges granted to Lender survive the termination of this Agreement, the appointment of a trustee for Borrowers in reorganization or otherwise, conversion of the bankruptcy cases to cases under Chapter 7, and the confirmation of a Chapter 11 plan of reorganization. If any or all of the provisions of this Agreement are hereafter modified vacated or stayed by subsequent agreement, such action shall not affect the priority, validity, enforceability or

effectiveness of any lien, security interest, priority or claim agreed to herein with respect to the obligation arising in the Loan Documents incurred by Borrowers prior to the effective date of such subsequent agreement.

16.      Reasonableness of Terms. The terms of the DIP Loan are fair and reasonable, were negotiated by the parties at arm's length and in good faith, and are the best terms available to Borrowers under present market conditions and Borrowers' financial circumstances. Any credit extended under the DIP Loan by Lender is extended in good faith, as that term is used in Section 364(e) of the Bankruptcy Code.

17.      Representations and Warranties. It is acknowledged that each party has read this Agreement and has consulted counsel, or knowingly chose not to consult counsel, before executing the same; each party has relied upon their own judgment and/or that of their counsel in executing this Agreement and has not relied on or been induced by any representation, statement or act by any party that is not referred to in this instrument; each party enters into this Agreement voluntarily, with full knowledge of its significance; and the Agreement is in all respects complete and final. Each Borrower represents and warrants to the Lender that: it is a corporation duly incorporated, organized and validly existing under the laws of its jurisdiction of incorporation; it has all requisite power and authority to enter into and perform its obligations hereunder; and its execution and delivery hereof and the performance of its obligations hereunder have been duly authorized by all necessary action.

18.      Covenants by Borrowers. The Borrowers covenant and agree that:

(a)      they shall comply with all laws, rules, regulations and orders applicable to them and their assets;

(b)    they shall maintain in good standing at all times all insurance coverage as is customarily carried by companies which are engaged in the same or similar business to the business of the Borrowers or as may be reasonably required by the Lender;

(c)    they shall not seek or consent to any plan of reorganization or liquidation or any plan of arrangement that does not provide, upon its effectiveness for full payment to the Lender of the DIP Loan;

(d)    the Borrowers shall not incur any indebtedness other than as permitted by the Lender in writing, unless such indebtedness shall be subordinate to the indebtedness in favor of the Lender under the DIP Loan.

(e)    the Borrowers shall not merge, amalgamate, consolidate, reorganize, or sell any assets or license any technology outside of the ordinary course of business, unless permitted in writing by the Lender, or unless such transaction contemplates that the DIP Loan shall be repaid as part of such transaction; and

(f)    the Borrowers shall permit the Lender, its representatives and agents, to have access, during normal business hours and subject to reasonable time, to the books, records, property and premises of the Borrowers.

19.    Reporting Covenants. The Borrowers shall deliver to the Lender:

(a)    Weekly and updated Budgets in form and substance satisfactory to and approved by the Lender;

(b)     Prompt notice of any breach of covenant or other obligation of the
Borrowers under or in connection with this DIP Loan;

(c)     The Borrowers shall promptly, upon receipt, deliver to the Lender copies of
all pleadings, motions, applications, judicial information, financial
information, and other documents filed by or on behalf of the Borrowers
with the Bankruptcy Court.

(d)     Such further reports and information as the Lender may reasonably request
from time to time.

20.     Events of Default. The occurrence of anyone or more of the following events shall
constitute an Event of Default:

(a)     The non-payment of any costs, or any other amount due under the DIP
Loan, or the failure to perform as required under the Loan Documents
(whether monetary or non-monetary in nature), past ten (10) business days
of its due date or performance date.

(b)     The entry of any Bankruptcy Court order that materially, adversely affects
the DIP Loan or the Lender's rights, remedies, liens, priorities, benefits and
protections under any or all of the Bankruptcy Court orders or the DIP
Loan.

Upon the occurrence of an Event of Default and after the Termination Date, any right of
the Borrowers to receive any advance or other accommodation of credit from the Lender
shall be immediately terminated, except the right to payment of the Carve Out, and any

further advances made, if any, thereafter shall be in the discretion of the Lender. Upon the occurrence of an Event of Default, amounts owed by Borrowers to the Lender, shall become immediately due and payable, and, except as otherwise prohibited by the automatic stay, the Lender shall have the right to exercise all remedies under applicable law, including, without limitation, the right to realize on all collateral, without the necessity of obtaining relief or order from any court.

21.     Indemnification. The Borrowers shall indemnify, defend with counsel acceptable to the Lender and hold harmless the Lender, solely in its capacity as Lender, its affiliates and its officers, directors, employees, agents and advisors (each, an "Indemnified Person") from and against any and all suits, actions, proceedings, orders, claims, damages, losses, liabilities and expenses (including legal fees and disbursements and other costs of investigation or defense, including those incurred upon any appeal) that may be instituted or asserted against or incurred by any such Indemnified Person as a result of or in connection with credit having been extended, suspended or terminated under or in relation to the DIP Loan, or the use of the proceeds thereof, and the administration of such credit, and in connection with or arising out of the transactions contemplated hereunder and any actions or failures to act in connection therewith, including the taking of any enforcement action by the Lender and its representatives, and including any and all environmental liabilities and legal costs and expenses arising out of or incurred in connection with disputes between or among any parties hereto, except to the extent that the suit, action, proceedings, orders, claims, damages, losses, liabilities and expenses arose directly from the gross negligence or willful misconduct of the Indemnified Person. All such indemnified amounts, if not immediately paid by the Borrowers upon demand, shall be secured by the DIP Loan.

22.     Amendment of Agreement. This Agreement shall not be amended except by a writing signed by all parties.

23.     Applicable Law and Jurisdiction. This agreement shall be governed by and interpreted in accordance with internal laws in the State of California without regard to its conflicts of law rules except to the extent superceded by the laws of the United States.

24.     Entire Agreement. This Agreement (together with the associated Loan Documents) sets forth the entire agreement between the parties, and there are no other agreements or understandings between them related to this DIP Loan.

25.     Execution by Facsimile Signatures and in Counterparts. The parties agree that facsimile signatures or signatures delivered by any other electronic means shall have the same force and effect as original signatures. This Agreement may be executed in one or more counterparts, each counterpart to be considered an original portion of this Agreement.

26.     Notices. All notices and demands hereunder shall be in writing and shall be deemed given when addressed as follows: on the earlier of (a) when they are actually delivered to the addressees by facsimile transmission or otherwise, or (b) at 11:00 a.m. California time on the business day next following the deposit thereof with any recognized national overnight delivery service properly addressed to the parties as set forth below:

|  |  |
|---|---|
| If to Borrower: | MMFX Technologies Corporation |
|  | 2415 Campus Drive, Suite 100 |
|  | Irvine, CA 92612 |
|  | Attn: President |
|  | Fax: 949-474-1130 |

MMFX Steel Corporation of America
2415 Campus Drive, Suite 100
Irvine. CA 92612
Attn: President
Fax: 949-476-7600

Fasteel Corporation
2415 Campus Drive, Suite 100
Irvine, CA 92612
Attn: Corporate Secretary
Fax:  949-476-7600

with a copy to: Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza, 24th Floor
New York, NY 10112
Attn:  Carren Shulman, Esq.

If to Lender:       Lindsey Davidson, Trustee
Lindsey Davidson Trust dated April 28, 2010
P.O. Box 2342
Rancho Santa Fe, CA 92076
Fax: 858-756-1532

with a copy to: Robert Pizzuto
401 B Street, Suite 2400
San Diego, CA 92101
Fax: 619-239-1719

And

Evan D. Smiley
Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, CA 92626
Fax: 714-966-1002

27.   **Bankruptcy Court Approval.** This Agreement is subject to Bankruptcy Court

approval, upon notice and hearing as required by the Bankruptcy Code, the Federal Rules

of Bankruptcy Procedure, and the Local Rules of Bankruptcy Procedure of the Bankruptcy Court for the Central District of California.

28.     Headings. Paragraph headings in this Agreement are included herein for convenience of reference only, and shall not constitute a part of this Agreement for any other purpose.

29.     Lender's Approvals.  Unless expressly stated to the contrary in this Agreement or the other Loan Documents, any and all matters pertaining to this loan or the making or administration thereof which require Lender's approval, consent, discretion and/or determination shall be subject to Lender's determination in its sole and absolute discretion.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first above written.

BORROWER:                          LENDER

MMFX TECHNOLOGIES                  LINDSEY DAVIDSON TRUST
CORPORATION                        April 28, 2009

By: _____      By: _____
    Its: _____          Its: _____

BORROWER:

MMFX STEEL CORPORATION OF
AMERICA

By: _____
    Its: _____

BORROWER:

FASTEEL CORPORATION


By: _____

      Its: _____

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Sheppard, Mullin, Richter & Hampton LLP
650 Town Center Dr., 4th Fl.
Costa Mesa, CA 92626-1993
A true and correct copy of the foregoing document described as <u>ORDER APPROVING DEBTORS' EMERGENCY MOTION FOR INTERIM AND FINAL ORDER (I) AUTHORIZING POST-PETITION FINANCING AND GRANTING LIENS AND SUPER-PRIORITY CLAIMS, AND (II) PROVIDING RELATED RELIEF</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

## I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.
On _____. I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

## II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
, I served the following person(s) and/or entity(ies) at the last known
On _____ address(es)
in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

## III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or
entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ___December 17, 2010___, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.
Hon. Robert Kwan
United States Bankruptcy Court - Central District of California
411 West Fourth Street, Suite 5165 / Courtroom 5D
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.
December 16, 2010          Barbara Clark                    /s/ Barbara Clark

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                    **9013-3.1.PROOF.SERVICE**

*Date*                                    *Type Name*                                    *Signature*

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **ORDER APPROVING DEBTORS' EMERGENCY MOTION FOR INTERIM AND FINAL ORDER (I)AUTHORIZING POST-PETITION FINANNCING AND GRANTING LIENS AND SUPER PRIORITY CLAIMS, AND (II) PROVIDING RELATED RELIEF** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **December 17, 2010**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below:

- Nancy S Goldenberg    nancy.goldenberg@usdoj.gov
- Ori Katz    okatz@sheppardmullin.com
- Justin E Rawlins    jrawlins@winston.com, docketla@winston.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Debtor
Fasteel Corporation, 1834 S. Lewis St, Anaheim, CA 92805

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

- Beth Gaschen    bgaschen@wgllp.com
- Philip E Strok    pstrok@wgllp.com

☐ Service information continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                              **9013-3.1.PROOF.SERVICE**

## III. TO BE SERVED BY THE LODGING PARTY:

Fourth Third LLC
375 Park Avenue, Suite 3304
New York, NY 10152

Investment Funding Incorporated
10940 South Parker Road
PO Box 323
Parker, CO 80134

Townsend & Townsend & Crew
Two Embarcadero Ctr, 8th Fl
San Francisco, CA 94111-3834

Pillsbury Winthrop LLP
1540 Broadway
New York, NY 10036

Hatch LTD
2800 Speakman Drive
Mississauga, Ontario
L5K2R7 Canada

Squar Milner
4100 Newport Place Dr, 3rd Fl,
Newport Beach, CA 92660

McGraw-Hill Construction
7625 Collection Center Dr
Chicago, IL 60693-0076

Charles S Abbot
2333 South Queen Street
Arlington, VA 22202

Daniel Furlan
2870 Albatross Street
San Diego, CA 92103

Howard Yerusalim
109 Holly Hills Dr
Harrisburg, PA 17110

InhouseIT
3193 Red Hill Avenue
Costa Mesa, CA 92626

Cary Kopczynski & Co
10500 NE 8th St, Suite 800
Bellevue, WA 98004

City of Los Angeles Dept of
Building & Safety
201 N Figueroa St
8th Fl, Room 880
Los Angeles, CA 90012-4869

Lochsa Engineering
6345 South Jones Blvd, Suite 100
Las Vegas, NV 89118

ASA Applied Systems Assoc Inc.
5270 Logan Ferry Road
Murrysville, PA 15668

Hartt and Associates Inc
20914 Morada Court
Boca Raton, FL 33433

Lindsey L. Davidson
4427 La Orilla
Rancho Santa Fe, CA 92067

Wells Fargo Business Credit
1740 Broadway
MAC C7300-060
Denver, CO 80274

TAMCO Capital Corporation
4830 W. Kennedy Boulevard, Suite
650
Tampa, FL 33609

TAMCO Financial Services LLC
4830 W. Kennedy Boulevard, Suite
650
Tampa, FL 33609

U.S. Bancorp Business Equipment
1310 Madrid St, Suite 106
Marshall, MN 56258

Adelphia Metals LLC
Attn: Jed Trachte, President
411 Main Street, Suite E
New Prague, MN 56071

Glorbal Recovery Services
PO Box 105795
Atlanta, GA 30348-9864

American Concrete Institute
PO Box 78000
Detroit, MI 48278-0297

The Hartford
PO Box 2907
Hartford, CT 06104

AT&T
Payment Center
Sacramento, CA 95887

L&W Properties
9771 Overhill Drive
Santa Ana, CA 92705

City of Anaheim
201 S. Anaheim Blvd
Suite 300
Anaheim, CA 92805

General Electric Capital
Corporation
10 Riverview Dr
Danbury, CT 06810

Wells Fargo Business Credit
1740 Broadway
MAC C7300-060
Denver, CO 80274

TAMCO Capital Corporation
4830 W. Kennedy Boulevard, Suite
650
Tampa, FL 33609

TAMCO Financial Services LLC
4830 W. Kennedy Boulevard, Suite
650
Tampa, FL 33609

U.S. Bancorp Business Equipment
1310 Madrid St, Suite 106
Marshall, MN 56258

Adelphia Metals LLC
Attn: Jed Trachte, President
411 Main Street, Suite E
New Prague, MN 56071

AT&T
PO Box 105068
Atlanta, GA 30348

AT&T Mobility
PO Box 60017
Los Angeles, CA 90060

The Gas Company
PO Box C
Monterey Park, CA 91756

Minuteman
PO Box 942
Trabuco Canyon, CA 92678

Chinook Ventures Inc
4029 Industrial Way
Longview, WA 98632

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010

**9013-3.1.PROOF.SERVICE**

Michael J Zambetti
10 La Vista Drive
Ponte Vedra Beach, FL 32082

Paul L Chan
814 Nardo Rd
Encinitas, CA 92024-3829

Henry B Woo and Bessie K Woo
Foundation
165 Derby Lane
Moraga, CA 94556

Michael and Marcia Lassiter
36 Ashford Place
Moraga, CA 94556

Concrete Reinforcing Products
1381 Sawgrass Corporate Pkwy
Sunrise, FL 33323

Lex A Corrales
5057 Gadwell Circle
Stockton, CA 95207

William Geers
7707 Old Woodstock Lane
Ellicott City, MD 21043

Renaud Electric
2300 Talley Way
Kelso, WA 98626

Breck's PMB161
6745 S Washington Ave
Whittier, CA 90606-4325

General Electric Capital
Corporation
10 Riverview Dr
Danbury, CT 06810

Wells Fargo Business Credit
1740 Broadway
MAC C7300-060
Denver, CO  80274

TAMCO Capital Corporation
4830 W. Kennedy Boulevard, Suite
650
Tampa, FL 33609

TAMCO Financial Services LLC
4830 W. Kennedy Blvd, Ste 650
Tampa, FL 33609

U.S. Bancorp Business Equipment
1310 Madrid St, Suite 106
Marshall, MN  56258

Adelphia Metals LLC
Attn:  Jed Trachte, President
411 Main Street, Suite E
New Prague, MN 56071

Millbank Materials USA Ltd
PO Box 83149
Portland, OR 97283

Coface Collections North America
Medima Case #18095
PO Box 8471
Metairie, LA 70111

SB Inc dba Sherman Brothers
Trucking
PO Box 706
Harrisburg, OR 97446-9738

Union Pacific Railroad
PO Box 843465
Dallas, TX 75284-3465

BlueLinx Corporation
PO Box 31001-1362
Pasadena, CA 91110

Atlantic Logistics Inc
PO Box 600859
Jacksonville, FL 32260-0859

Cascade Natural Gas Corp
PO Box 34344
Seattle, WA 98123-1344

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

In re MMFX Canadian Holdings, Inc, et al.,Case No. 8:10-bk-10083-RK
(Jointly Administered with Case Nos.: 10-bk-10085; 10-bk-27570, 10-bk-27571 and 10-bk-27572]
[In re Fasteel Corporation, Case No. 8:10-bk-27570
In re MMFX Steel Corporation of America, Case No. 8:10-bk-27571
In re MMFX Technologies Corporation, Case No. 8:10-bk-27572]

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: SHEPPARD, MULLIN, RICHTER & HAMPTON LLP, 650 Town Center Drive, 4th Floor, Costa Mesa, CA 92626-1993

A true and correct copy of the foregoing document described as <u>NOTICE OF: (1) ENTRY OF INTERIM ORDER AUTHORIZING POST-PETITION FINANCING; and (2) FINAL HEARING ON EMERGENCY MOTION FOR FINAL ORDER (I) AUTHORIZING POST-PETITION FINANCING AND GRANTING LIENS AND SUPER-PRIORITY CLAIMS, AND (II) PROVIDING RELATED RELIEF</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____December 22, 2010_____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Beth Gaschen        bgaschen@wgllp.com
- Nancy S Goldenberg    nancy.goldenberg@usdoj.gov
- Ori Katz        okatz@sheppardmullin.com
- Justin E Rawlins    jrawlins@winston.com, docketla@winston.com
- Philip E Strok        pstrok@wgllp.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On _____December 22, 2010_____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.
See attached Service List served Via US Mail

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____December 22, 2010_____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.
**Via Attorney Service:** Hon. Robert Kwan, United States Bankruptcy Court, Courtroom 5D, 411 W. Fourth Street, Santa Ana, CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 22, 2010 | Margaret N. Manns | /s/ Margaret N. Manns |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*

**9013-3.1.PROOF.SERVICE**

W02-EAST:3MAW1\200364598.1

In re MMFX Canadian Holdings, Inc, *et al.*, Case No. 8:10-bk-10083-RK
(Jointly Administered with Case Nos.: 10-bk-10085; 10-bk-27570; 10-bk-27571 and 10-bk-27572)
[In re Fasteel Corporation, Case No. 8:10-bk-27570
In re MMFX Steel Corporation of America, Case No. 8:10-bk-27571
In re MMFX Technologies Corporation, Case No. 8:10-bk-27572]

**SERVED VIA U.S. MAIL:**

| | | |
|---|---|---|
| | Lindsey L. Davidson<br>4427 La Orilla<br>Rancho Santa Fe, CA  92067 | Investment Funding Incorporated<br>10940 South Parker Road<br>PO Box 323<br>Parker, CO  80134 |
| Fourth Third LLC<br>375 Park Avenue, Suite 3304<br>New York, NY 10152 | AT&T<br>Payment Center<br>Sacramento, CA 95887 | U.S. Bancorp Business Equipment<br>1310 Madrid St, Suite 106<br>Marshall, MN  56258 |
| L&W Properties<br>9771 Overhill Drive<br>Santa Ana, CA 92705 | Chinook Ventures Inc<br>4029 Industrial Way<br>Longview, WA 98632 | Townsend & Townsend & Crew<br>Two Embarcadero Ctr, 8th Floor<br>San Francisco, CA 94111-3834 |
| City of Anaheim<br>201 S. Anaheim Blvd, Suite 300<br>Anaheim, CA 92805 | Michael J Zambetti<br>10 La Vista Drive<br>Ponte Vedra Beach, FL 32082 | Pillsbury Winthrop LLP<br>1540 Broadway<br>New York, NY 10036 |
| InhouseIT<br>3193 Red Hill Avenue<br>Costa Mesa, CA 92626 | Paul L Chan<br>814 Nardo Road<br>Encinitas, CA 92024-3829 | Hatch LTD<br>2800 Speakman Drive<br>Mississauga, Ontario<br>L5K2R7 Canada |
| General Electric Capital Corporation<br>10 Riverview Drive<br>Danbury, CT 06810 | Henry B Woo and Bessie K Woo<br>Foundation<br>165 Derby Lane<br>Moraga, CA 94556 | Squar Milner<br>4100 Newport Place Dr, 3rd Flr<br>Newport Beach, CA 92660 |
| Wells Fargo Business Credit<br>1740 Broadway<br>MAC C7300-060<br>Denver, CO  80274 | Michael and Marcia Lassiter<br>36 Ashford Place<br>Moraga, CA 94556 | McGraw-Hill Construction<br>7625 Collection Center Drive<br>Chicago, IL 60693-0076 |
| TAMCO Capital Corporation<br>4830 W. Kennedy Boulevard, Suite 650<br>Tampa, FL 33609 | Concrete Reinforcing Products<br>1381 Sawgrass Corporate Pkwy<br>Sunrise, FL 33323 | Charles S Abbot<br>2333 South Queen Street<br>Arlington, VA 22202 |
| TAMCO Financial Services LLC<br>4830 W. Kennedy Boulevard, Suite 650<br>Tampa, FL 33609 | Lex A Corrales<br>5057 Gadwell Circle<br>Stockton, CA 95207 | Daniel Furlan<br>2870 Albatross Street<br>San Diego, CA 92103 |
| Renaud Electric<br>2300 Talley Way<br>Kelso, WA 98626 | William Geers<br>7707 Old Woodstock Lane<br>Ellicott City, MD 21043 | Howard Yerusalim<br>109 Holly Hills Drive<br>Harrisburg, PA 17110 |
| Adelphia Metals LLC<br>Attn:  Jed Trachte, President<br>411 Main Street, Suite E<br>New Prague, MN 56071 | Cascade Natural Gas Corporation<br>222 Fairview Avenue North<br>Seattle, WA 98109 | City of Los Angeles Dept of Building<br>& Safety<br>201 North Figueroa Street<br>8th Floor, Room 880<br>Los Angeles, CA 90012-4869 |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*

W02-EAST:3MAW1\200364598.1

**9013-3.1.PROOF.SERVICE**

In re MMFX Canadian Holdings, Inc, *et al.*,Case No. 8:10-bk-10083-RK
(Jointly Administered with Case Nos.: 10-bk-10085; 10-bk-29570; 10-bk-27571 and 10-bk-27572)
[In re Fasteel Corporation, Case No. 8:10-bk-27570
In re MMFX Steel Corporation of America, Case No. 8:10-bk-27571
In re MMFX Technologies Corporation, Case No. 8:10-bk-27572]

| | | |
|---|---|---|
| Hartt and Associates Inc<br>20914 Morada Court<br>Boca Raton, FL  33433 | Breck's PMB161<br>6745 S Washington Avenue<br>Whittier, CA 90606-4325 | Cary Kopczynski & Co<br>10500 NE 8th St, Suite 800<br>Bellevue, WA 98004 |
| ASA Applied Systems Assoc Inc.<br>5270 Logan Ferry Road<br>Murrysville, PA 15668 | Lochsa Engineering<br>6345 South Jones Blvd, Suite 100<br>Las Vegas, NV 89118 | Shawn Lanka<br>Union Pacific Railroad Company<br>1400 Douglas Street, STOP 1580<br>Omaha, NE  68179 |
| Mary Ann Kilgore<br>Union Pacific Railroad Company<br>1400 Douglas Street, STOP 1580<br>Omaha, NE  68179 | | |
| AT&T<br>PO Box 105068<br>Atlanta, GA 30348 | Millbank Materials USA Ltd<br>PO Box 83149<br>Portland, OR 97283 | Global Recovery Services<br>PO Box 105795<br>Atlanta, GA 30348-9864 |
| AT&T Mobility<br>PO Box 60017<br>Los Angeles, CA 90060 | Coface Collections North America<br>Medima Case #18095<br>PO Box 8471<br>Metairie, LA 70011 | American Concrete Institute<br>PO Box 78000<br>Detroit, MI 48278-0297 |
| The Gas Company<br>PO Box C<br>Monterey Park, CA 91756 | SB Inc dba Sherman Brothers<br>Trucking<br>PO Box 706<br>Harrisburg, OR 97446-9738 | The Hartford<br>PO Box 2907<br>Hartford, CT  06104 |
| Minuteman<br>PO Box 942<br>Trabuco Canyon, CA 92678 | Union Pacific Railroad<br>PO Box 843465<br>Dallas, TX 75284-3465 | BlueLinx Corporation<br>PO Box 31001-1362<br>Pasadena, CA 91110 |
| Atlantic Logistics Inc<br>PO Box 600859<br>Jacksonville, FL 32260-0859 | | |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*

**9013-3.1.PROOF.SERVICE**

W02-EAST:3MAW1\200364598.1