SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
ORI KATZ, Cal. Bar No. 209561
okatz@sheppardmullin.com
AARON J. MALO, Cal. Bar No. 179985
amalo@sheppardmullin.com
CARREN B. SHULMAN (*admitted in New York*)
cshulman@sheppardmullin.com
650 Town Center Drive, 4th Floor
Costa Mesa, California  92626-1993
Telephone:    714-513-5100
Facsimile:     714-513-5130

Proposed Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>MMFX CANADIAN HOLDINGS, INC., *et al.*,<br><br>Debtors.<br><br>☐ Affects MMFX Canadian Holdings, Inc.<br>☐ Affects MMFX International Holdings, Inc.<br>☒ Affects Fasteel Corporation<br>☒ Affects MMFX Steel Corporation of America<br>☒ Affects, MMFX Technologies Corporation<br>☐ Affects all Debtors | Case No. 8: 10-bk-10083-RK<br><br>(Jointly Administered with Case Nos.: 10-bk-10085; 10-bk-27570; 10-bk-27571; and 10-bk-27572)<br><br>Chapter 11<br><br>**APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF KILPATRICK TOWNSEND & STOCKTON LLP AS A SPECIAL INTELLECTUAL PROPERTY COUNSEL FOR THE DEBTORS** |

# TABLE OF CONTENTS

Page

**I. BACKGROUND** ...................................................................................................................2

II. RETENTION OF KTS............................................................................................................2

III. REQUESTED RELIEF .........................................................................................................3

IV. DISCUSSION........................................................................................................................3

      A.     Retention of KTS and Services to Be Rendered. .............................................3

      B.     Need for Services &Qualifications of KTS......................................................3

      C.     Compensation of KTS. .....................................................................................4

      D.     Retainer and Pre-Petition Payments .................................................................5

V. DISINTERESTEDNESS ........................................................................................................5

VI. CONCLUSION .....................................................................................................................8

**TO THE HONORABLE ROBERT KWAN, UNITED STATES BANKRUPTCY JUDGE; PARTIES ENTITLED TO NOTICE PURSUANT TO THIS COURT'S ORDERS; THE OFFICE OF THE UNITED STATES TRUSTEE; AND OTHER INTERESTED PARTIES:**

This *Application for Order Authorizing Employment of Kilpatrick Townsend & Stockton LLP as a Special Intellectual Property Counsel for The Debtors* (the "Application") is filed on behalf of Fasteel corporation ("Fasteel"), MMFX Steel Corporation of America ("Steel Corp."), and MMFX Technologies Corporation ("Technologies" and collectively with Fasteel and Steel Corp., the "Debtors"). By this Application, the Debtors seek authority to employ Kilpatrick Townsend & Stockton LLP ("KTS") as a special intellectual property counsel in connection with the maintenance and prosecution of the patents held by the Debtors.

This Application is brought pursuant to Section 327 of title 11 of the United States Code (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 2014(a), and Local Bankruptcy Rule ("Local Rule") 2014-1(b). This Application is based on the concurrently filed declaration of M. Henry Heines (the "Heines Declaration"), the other relevant papers of record in these cases, such further pleadings and evidence as may be filed in connection with this Application, and such oral argument as may be presented.

In support of the Application, the Debtors and KTS respectfully represent as follows:

///
///
///

# I.

# BACKGROUND[1]

The three Debtors and the other two debtors listed above in the caption (collectively, the "MMFX Debtors") were formed as part of an integrated corporate enterprise engaged in the commercialization of platform nanotechnologies used in the manufacturing of construction materials (primarily steel). Technologies, one of the three Debtors, is the ultimate parent company. It was formed on June 22, 1998 for the purpose of acquiring and holding valuable patents in the field of nanotechnology.

Technologies holds seven main U.S. patents and has filed for patent protection in approximately 50 countries/regions for a total of approximately 350 patent applications relating to MMFX's steel.

The Debtors filed their voluntary petitions for relief under the Bankruptcy Code in this District on December 13, 2010 and December 14, 2010 (together, the "Petition Date"). The Debtors remain in possession of their assets and are continuing to operate their companies in accordance with Bankruptcy Code sections 1107 and 1108. On January 7, 2011, an official committee of unsecured creditors was appointed in the case.

# II.

# RETENTION OF KTS

KTS (or its predecessor before the recent merger of the law firms of Kilpatrick Stockton LLP and Townsend and Townsend and Crew LLP) began providing services to the Debtors on an ongoing basis as early as 2000. These services are related to the prosecution and maintenance of the pending applications and granted patents of the Debtors worldwide. Subject to the Court's approval, KTS agrees to continue post-petition to provide these ongoing services to the Debtors pursuant to the terms of this Application.

---

[1] The background discussion is based on the discussion provided in the "Background" section of the *Debtor's Emergency Motion for Interim and Final Order (I) Authorizing Post-Petition Financing and Granting Liens and Super-Priority Claims, and (Ii) Providing Related Relief*, filed in each of the Debtors' cases and the supporting *Declaration of Michael Pompay in Support of Debtor's First Day Motions*.

### III.

### REQUESTED RELIEF

The Debtors wish to employ KTS, pursuant to Sections 327 and 330 of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1(b), as their special intellectual property counsel, effective as of the Petition Date, with compensation in such amount as the Court may allow in accordance with the law, on the terms set forth in this Application.

### IV.

### DISCUSSION

**A.    Retention of KTS and Services to Be Rendered.**

KTS has served as the Debtors' longstanding patent counsel since 2000.  Pre-petition, KTS assisted the Debtors with the maintenance and prosecution of the different pending applications and granted patents worldwide.

Subject to the Court's approval, the Debtors wish to employ KTS as their special intellectual property counsel.  The Debtors believe it is in the best interest of the estate to employ KTS as a special intellectual property counsel.

The Debtors desire to employ KTS post-petition to perform these services pursuant to the terms and conditions outlined below.  The Debtors believe that KTS is well-qualified to provide the services and is cost effective.

**B.    Need for Services &Qualifications of KTS.**

The Debtors' intellectual property is their most valuable asset and the Debtors require the assistance of counsel for the preservation and maintenance of this property. The Debtors need to maintain the protection of their patents used in connection with development and the production of their product.   The Debtors believe that KTS is best suited to continue to provide the Debtors with these necessary services in light of its prior work for the Debtors and its familiarity with the specific patents and related technology at issue.

1  KTS is an international firm and has extensive experience and background in
2  matters concerning intellectual property law and is well qualified to represent the Debtors
3  in this case.  The KTS professional who will be primarily responsible for rendering
4  services on behalf of the Debtors is M. Henry Heines.  Attached to the Heines Declaration
5  as **Exhibit "A"** is a copy of Mr. Heines' résumé outlining his background and experience.
6  Mr. Heines' hourly rate is $575.  Mr. Heines is already familiar with the Debtors'
7  intellectual property as he has been the longstanding intellectual property counsel for the
8  Debtors working on the maintenance and prosecution of the Debtors' patents.  KTS will
9  not act as bankruptcy counsel for the Debtors nor will it represent the Debtors' in the
10  administration of their chapter 11 cases.

11 **C.    Compensation of KTS.**

12  Subject to the Court's approval and in accordance with Bankruptcy Code Section
13  327(e), the Debtors wish to employ KTS on an hourly-fee basis and to pay KTS its actual,
14  necessary expenses and other charges incurred by KTS in connection with the filings and
15  maintenance work related to the Debtors' patents.

16  KTS proposes to continue to provide its services to the Debtors subject to an
17  advance payment of its estimated fees and expenses.  This means that before responses to
18  patent actions and maintenance fee filings are due, KTS will submit an estimate of its fees
19  and expenses required for such filings (to the extent that an estimate can be made of these
20  amounts), and will request that the Debtors pay these amounts prior to starting work.
21  However, to prevent missing a certain deadline or the lapse of patent protection because of
22  a nonpayment or delay in payment, KTS will, if needed, front these fees and costs and
23  thereafter seek compensation and reimbursement from the estate.

24  KTS understands that its compensation in this case is subject to review and
25  approval of this Court in conformity with Section 330 of the Bankruptcy Code, after
26  appropriate notice and hearing, and that whether it receives payment of its fees in advance
27  or after performing the work, KTS will be required to file a fee application seeking the
28  Court's approval of the payment of these amounts.  KTS shall comply with the guidelines

for compensation and employment promulgated by the Court and the Office of the U.S. Trustee.  KTS has not shared or agreed to share such compensation with any other person, except as among members of the firm.  KTS understands and agrees that if the aggregate interim payments exceed the amount which is ultimately allowed by the Court, KTS will be required to, and will, promptly repay the difference.

**D.    Retainer**

KTS does not hold a retainer in connection with its proposed employment.  KTS is owed $80,544.855 for pre-petition work, which is not subject of this Application.

## V.

## **DISINTERESTEDNESS**

In accordance with section 327(e) of the Bankruptcy Code, to the best of the Debtors' knowledge, and except as may otherwise be set forth in the Heines Declaration, neither KTS nor any of the professionals comprising or employed by KTS, hold or represent any interests which are or would be adverse to the Debtors or the Debtors' estates with respect to those matters, including the prosecution and maintenance of the Debtors' patents, for which KTS has been and would continue to be retained by the Debtors.  All creditors of the estate will benefit from KTS' intellectual property expertise.

Bankruptcy Code section 327(e) authorizes the employment of an attorney who has previously represented the debtor for a specified special purpose.  Bankruptcy Code section 327(e) provides, in pertinent part:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the [debtor] in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).  As described above, KTS would be retained for the specific purpose of providing on-going representation to the Debtors in connection with the prosecution and maintenance of their patents.  Maintaining this continuity of representation would, in turn, represent a benefit to the estate because of KTS' knowledge and experience in representing

-5-

Case 8:10-bk-10083-RK    Doc 148    Filed 01/14/11    Entered 01/14/11 19:12:04    Desc
Main Document    Page 8 of 11

1 the Debtors in the specific matters discussed herein.  As stated previously, KTS will not
2 act as bankruptcy counsel for the Debtors or represent the Debtors in the administration of
3 their chapter 11 cases

4     With respect to a possible pre-petition claim of KTS for its pre-petition fees, Courts
5 reviewing the retention of professionals, including those professionals which would be
6 retained under section 327(e) of the Bankruptcy Code, have held that such professionals
7 may be retained despite the fact that the proposed attorneys may have a claim against the
8 debtor based on services previously provided.  *See In re DeVlieg, Inc.*, 174 B.R. 497, 502
9 (N.D. Ill. 1994).  Accordingly, the Debtors and KTS do not believe that KTS' potential
10 pre-petition claim gives rise to any conflict of interest that would prevent KTS from
11 representing the Debtors as ordinary course litigation counsel.

12     Moreover, KTS does not represent or hold an interest adverse to the Debtors in
13 connection with the intellectual property matters for which it does or would represent the
14 Debtors.  In addition, the following additional disclosures are made in compliance with
15 paragraphs 7 through 11 of Form 2014-1 of the official forms of the United States
16 Bankruptcy Court for the Central District of California.  References to KTS include all
17 members who are expected to render services in these cases:

18     a. KTS is not and was not a creditor, an equity security holder, or an
19 insider of the Debtors, except that KTS has previously rendered legal
20 services to the Debtors for which it has been compensated, and KTS
21 may assert a prepetition claim against the Debtors in their bankruptcy
22 cases.
23     b. KTS is not and was not an investment banker for any outstanding
24 security of the Debtors.
25     c. KTS is not and was not, within three years before the Petition Date, an
26 investment banker for a security of the Debtors or an attorney for such
27 an investment banker in connection with the offer, sale, or issuance of
28 any security of the Debtors.

-6-
W02-EAST:5KES1\200366898.3    APPLICATION TO EMPLOY KILPATRICK TOWNSEND

1          d.    KTS is not and was not, within two years before the Petition Date, a director, officer, or employee of either of the Debtors or of any investment banker for any security of the Debtors.

    Subject to the disclosures contained in the Heines Declaration, KTS has no interest materially adverse to the interest of the Debtors' estates or of any class of creditors by reason of any direct or indirect relationship to, connection with, or interest in, Debtors or for any other reason.

//
//
//
//
//

# VI.

# **CONCLUSION**

WHEREFORE, the Debtors respectfully request as follows:

1. That they be authorized, pursuant to Bankruptcy Code § 327(e) and Bankruptcy Rule 2014(a), to employ Kilpatrick Townsend & Stockton LLP as their special intellectual property counsel, effective as of the Petition Date, with compensation in such amount as the Court may hereafter allow in accordance with the law, on the terms set forth herein;

2. That Kilpatrick Townsend & Stockton LLP be authorized to receive compensation of fees and reimbursement of expenses pursuant to the terms of the Application in advance of the work to be performed or, if needed, thereafter, and subject to the limitations contained in section 330 of the Bankruptcy Code; and

3. For such other relief as the Court may find just and proper.

Dated: January 14, 2011

MMFX STEEL CORPORATION OF AMERICA

By: /s/ Michael Pompay
President

FASTEEL CORPORATION

By: /s/ Michael Pompay
Corporate Secretary

MMFX TECHNOLOGIES CORPORATION

By: _____/s/ Michael Pompay_____
President

SUBMITTED BY:

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____*/s/ ORI KATZ*_____
ORI KATZ

Proposed Attorneys for Debtors

KILPATRICK TOWNSEND & STOCKTON LLP

By _____[signature]_____
M. Henry Heines

Proposed Special Counsel for Debtors