SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
ORI KATZ, Cal. Bar No. 209561
okatz@sheppardmullin.com
AARON J. MALO, Cal. Bar No. 179985
amalo@sheppardmullin.com
ROBERT K. SAHYAN, Cal. Bar No. 253763
cshulman@sheppardmullin.com
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone: 714-513-5100
Facsimile: 714-513-5130

Proposed Attorneys for Debtors

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>MMFX CANADIAN HOLDINGS, INC., *et al.*,<br><br>              Debtors.<br><br>☐ Affects MMFX Canadian Holdings, Inc.<br>☐ Affects MMFX International Holdings, Inc.<br>☒ Affects Fasteel Corporation<br>☒ Affects MMFX Steel Corporation of America<br>☒ Affects, MMFX Technologies Corporation<br>☐ Affects all Debtors | Case No. 8:10-bk-10083-RK<br><br>(Jointly Administered with Case Nos.: 10-bk-10085; 10-bk-27570; 10-bk-27571; and 10-bk-27572)<br><br>Chapter 11<br><br>**MOTION OF DEBTORS FOR AN ORDER SETTING BAR DATES TO FILE PROOFS OF CLAIM AGAINST CERTAIN DEBTORS**<br><br>*[No hearing required unless requested per Local Bankruptcy Rule 9013-1(o)]* |

1    The above-captioned debtors and debtors-in-possession (collectively, "MMFX" or the "MMFX Debtors") hereby move the Court (the "Motion") for entry of an order pursuant to sections 105(a) and 501 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3002 and 3003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3001-1 of the Local Bankruptcy Rules for an order establishing deadlines to file proofs of claim and approving related notice procedures for the following three MMFX Debtors that filed voluntary petitions for relief under chapter 11 on December 13, 2010 and December 14, 2010: Fasteel Corporation, MMFX Steel Corporation of America, and MMFX Technologies Corporation (each a "Debtor" and collectively, the "Debtors").

The Debtors' cases were commenced later than those for the other two MMFX Debtors, i.e., MMFX Canadian Holdings Inc., and MMFX International Holdings Inc. (together, the "Initial Debtors"). The bar date in the cases of the Initial Debtors was June 15, 2010 and, therefore, the Initial Debtors are not the subject of this Motion.

MMFX is now in the process of evaluating the options available to it. To better evaluate its liabilities and formulate a chapter 11 plan, MMFX must be able to estimate the total amount of claims that will be asserted and allowed against its estates. Because some creditors will undoubtedly assert claims against the estates in amounts different than those set forth in the Debtors' Schedules of Assets and Liabilities ("Schedules"), and some will assert claims as to which MMFX is currently unaware, establishing a deadline for the filing of claims is essential to this process. Once MMFX establishes the universe of claims asserted against its estates, MMFX will be able to better evaluate all of its options.

In order to achieve that goal, the Debtors request to establish the below-described deadlines for the filing of proofs of claim in their bankruptcy cases. The Debtors submit that the relief requested in this Motion is appropriate and necessary under the circumstances.

This Motion is based on the discussion below, the concurrently filed declaration of Robert Sahyan (the "Sahyan Declaration"), filed in support of the Motion, all relevant

papers of record in this case, such further pleadings and evidence as may be filed in connection with this Motion, and such oral argument as may be presented.

I.

## BACKGROUND

The Debtors filed their voluntary petitions for relief under the Bankruptcy Code in this District on December 13, 2010 and December 14, 2010 (together, the "Petition Date"). The Debtors remain in possession of their assets and are continuing to operate their companies in accordance with Bankruptcy Code sections 1107 and 1108. On January 7, 2011, an official committee of unsecured creditors (the "Committee") was appointed in the case. On January 21, 2011, the United States Trustee filed a notice replacing one of the members of the Committee.

The Debtors have discussed the Motion with the Committee prior to filing it, and the Committee reserved its rights with respect to the relief requested in the Motion. However, it is not anticipated that the Committee will object to such relief.

Counsel for the Debtors contacted the Office of the United States Trustee regarding the relief requested in this Motion and was informed that the United States does not object to nor support such relief.

II.

## RELIEF REQUESTED

To facilitate the administration of these chapter 11 cases, and in accordance with Federal Rules of Bankruptcy Procedure 3002, 3003(c) and 5005(a)(1), MMFX requests that the Court enter an order (a) establishing deadlines for the filing of proofs of claim in the Debtors' cases, and (b) approving the form and manner of notice with respect to such deadlines (the "Bar Date Notice"), substantially in the form attached to the Sahyan Declaration as Exhibit A.

A.     The Proposed Deadlines

The Debtors propose the following deadlines for the filing of proofs of claim in their cases:

    a.    Except as otherwise expressly provided in this Motion, MMFX seeks an order establishing April 4, 2011, or a date that is 45 days from the date of the service of the Bar Date Notice, whichever is later (the "General Bar Date"), as the deadline for all Persons and Entities asserting a claim ("Claim") against any of the Debtors to file a proof of claim against that particular Debtor in its chapter 11 case. The General Bar Date does not apply to any entity that is a Governmental Unit.[1]

    b.    In accordance with Local Bankruptcy Rule 3001-1, MMFX seeks an order establishing the following exceptions to the General Bar Date:

        (1)    For a holder of a Claim against any of the Debtors arising from the rejection of an executory contract or an unexpired lease (an "Agreement") pursuant to Bankruptcy Code section 365, the last day to file a proof of claim will be on the later of: (a) General Bar Date, or (b) the date provided in any order authorizing the Debtor to reject the Agreement, or if no date is provided, then 30 days after the date of entry of any order authorizing the rejection, whichever is later (the "Rejection Bar Date").

        (2)    For Claims of Governmental Units, as that term is defined in Bankruptcy Code section 101(27), proofs of claim will be timely filed if filed: (a) before 180 days after the date of the Order for relief in the Debtor's case; or (b) General Bar Date, whichever is later (the "Governmental Unit Bar Date").

---

[1] In this Motion, the terms "Persons," "Entity," and "Governmental Unit" have the meanings given to such terms in the Bankruptcy Code.

|   |   | (3) | For Claims arising from the avoidance of a transfer under chapter 5 of the Bankruptcy Code, the last day to file a proof of claim will be: (a) 30 days after the entry of judgment avoiding the transfer; or (b) General Bar Date, whichever is later (the "Avoidance Bar Date"). |

c. To the extent a schedule amendment reduces the liquidated amount of a scheduled Claim or reclassifies a claim that was scheduled as undisputed, liquidated, and non-contingent claim as disputed, unliquidated, and/or contingent, then—solely with respect to the Claim that was subject to the schedule amendment and only to the extent its proof of claim does not exceed the amount in which its Claim was scheduled before the amendment—the affected claimant may timely file a proof of claim on or before the later of the following two dates: (a) the first business day that is 30 calendar days after the mailing of the notice of the schedule amendment, or (b) General Bar Date, whichever is later (the "Schedule Amendment Bar Date").

MMFX submits that the General Bar Date, Rejection Bar Date, Governmental Unit Bar Date, the Avoidance Bar Date, and the Schedule Amendment Bar Date (collectively, the "Bar Dates") are appropriate in these cases. The deadlines contemplated in this Motion are necessary in order to prevent delay in the administration of MMFX's chapter 11 cases, to enable MMFX to establish an orderly process for the determination of Claims against its estates, and to facilitate the formulation of a chapter 11 plan.

B. <u>Exclusions from Bar Dates</u>

The Debtor proposes that, at present, proofs of claim do not need to be filed by any Person or Governmental Unit holding or wishing to assert a Claim against the Debtors of the types set forth in clauses (a) through (i) below:

    a. Any holder of a Claim that has already filed a proof of claim against the correct Debtor(s) with the Clerk of the United States Bankruptcy

|   |   |   |
|---|---|---|
| 1 |   | Court for the Central District of California, utilizing a claim form that |
| 2 |   | substantially conforms to Official Form No. 10; |
| 3 | b. | Any holder of a Claim whose Claim is listed on the Schedules, |
| 4 |   | provided that (i) the Claim is not scheduled as "disputed," |
| 5 |   | "contingent," or "unliquidated"; and (ii) the claimant does not |
| 6 |   | disagree with the amount, nature or priority of the Claim as set forth |
| 7 |   | in the Schedules; |
| 8 | c. | Any holder of a Claim that heretofore has been allowed by order of |
| 9 |   | this Court; |
| 10 | d. | Any holder of a Claim whose Claim has been paid in full; |
| 11 | e. | Any holder of a Claim for which specific deadlines have previously |
| 12 |   | been fixed by this Court; |
| 13 | f. | Any non-debtor affiliate of the Debtors having a Claim against the |
| 14 |   | Debtors; |
| 15 | g. | Any holder of a Claim for administrative expenses allowable under |
| 16 |   | sections 330(a), 331, or 503(b) of the Bankruptcy Code; |
| 17 | h. | Any Person or Governmental Unit that has a Claim against one of the |
| 18 |   | Debtors' non-debtor affiliates, but not against the Debtors; and |
| 19 | i. | A holder of a Claim for principal, interest and applicable fees and |
| 20 |   | charges on a bond, note or debenture, provided that (i) any Indenture |
| 21 |   | Trustee (as defined in section 101(29) of the Bankruptcy Code) for |
| 22 |   | such instrument files a proof of claim on or prior to the General Bar |
| 23 |   | Date (or Governmental Unit Bar Date, as the case may be), and (ii) to |
| 24 |   | the extent a holder wishes to file a proof of claim for damages in |
| 25 |   | connection with its ownership, purchase or sale of the applicable |
| 26 |   | instrument, such holder must itself file a proof of claim related to such |
| 27 |   | damages on or prior the General Bar Date (or Governmental Unit Bar |
| 28 |   | Date, as the case may be). |

1    In addition to the foregoing, the Debtors propose that holders of an equity interest in
2 the Debtors need not file proofs of interest with respect to the ownership of such equity
3 interest at this time; <u>provided however</u>, if such equity holder asserts a Claim against any of
4 the Debtors, including a Claim relating to such equity interest or the purchase or sale of
5 such interest, a proof of such Claim must be filed on or prior to the General Bar Date (or
6 Governmental Unit Bar Date, as the case may be).

### III.

### DISCUSSION

A. <u>The Court Has Authority to Set Bar Dates</u>

The authority to set the General Bar Date and the Governmental Unit Bar Date is set forth in both the Bankruptcy Rules and the Bankruptcy Local Rules (the "BLR") of this Court.

Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which proofs of claim must be filed in a chapter 11 case pursuant to section 501 of the Bankruptcy code. *See* Fed. R. Bankr. P. 3003(c)(3) ("The court shall fix and for cause may extend the time within which proofs of claim or interest may be filed."); *see also In re Prestige Ltd. P'ship-Concor*d, 234 F.3d 1108, 118 (9th Cir. 2000) (stating that Bankruptcy Rule 3003(c)(3) requires the bankruptcy court to fix the time within which a proof of claim may be filed; *In re Wireless Data, Inc.*, 547 F.3d 484, 492 (2d Cir. 2007) (stating that the Bankruptcy Rules permit bankruptcy courts to establish bar dates by which proofs of claim must be filed or thereafter forfeited).

As such, it is within the Court's power to enter an order setting the deadlines requested in this Motion for the filing of proofs of claim in the Debtors' cases.

B. <u>The Need to Establish Bar Dates</u>

The circumstances here justify the prompt fixing of deadlines for the filing of proofs of claims. In order to administer these cases and continue the Debtors' progress toward formulating an appropriate chapter 11 plan, it is critical for MMFX to obtain complete information regarding the nature, amount and status of the potential claims

1  against the estates.  The Bar Dates requested in this Motion help accomplish this goal by

2  providing clear timelines for the claimants to assert their Claims and afford them an

3  opportunity to dispute, if necessary, any scheduled claims.  *See In re Intelligent Med.*

4  *Imaging Inc.*, 262 B.R. 142, 145 (Bankr. S.D. Fla. 2001) (explaining "[a] claims bar date in

5  a chapter 11 case serves an important function of promoting efficient and expeditious

6  administration of the case.").  The relief requested in this Motion will help MMFX

7  structure an appropriate chapter 11 plan, facilitate the accuracy of the balloting that will

8  take place in connection with that plan and the relevant disclosure statement, and aid in the

9  administration of such plan.  As such, the Bar Dates are an important component of the

10 administration process in these cases.

11 C.    The Proposed Bar Dates Are Appropriate

12        To further the administration of these estates, MMFX is seeking to set the Bar Dates

13 described in this Motion, which provide claimants with sufficient time to assert their

14 Claims or contest, if necessary, any scheduled Claims.

15        Bankruptcy Rule 2002 requires a minimum of 21 days' notice by mail of "the time

16 fixed for filing proofs of claim . . .."  *Id.* at 2002(a)(7).  The Bar Dates requested in this

17 Motion strike the right balance between providing claimants with ample opportunity in

18 light of this statutory minimum period to file their Claims, on one hand, and expediting the

19 administration of these bankruptcy cases, on the other hand.

20        With respect to the notice period associated with the General Bar Date requested in

21 this Motion, that period will provide creditors with ample time to assert their Claims.  If

22 the proposed General Bar Date is approved, creditors will have 45 days from the date of

23 mailing the Bar Date Notice within which to file their proofs of claim.  MMFX submits

24 that this period is adequate for creditors to assert their claims in these cases.

25        In addition, MMFX seeks an order from this Court establishing several exceptions

26 to the General Bar Date.  First, MMFX seeks an Avoidance Bar Date, Rejection Bar Date

27 and Governmental Bar Date.  These Bar Dates are requested in accordance with the

28 language of LBR 3000-1-1.

-7-

Second, MMFX seeks a Schedule Amendment Bar Date to permit creditors to file proofs of claim if their claims are negatively affected by any amendment to the Debtors' Schedules. Generally, after the General Bar Date, Rejection Bar Date, Governmental Unit Bar Date, and the Avoidance Bar Date, as applicable, a creditor may not amend a Claim deemed filed on its behalf under Bankruptcy Code section 1111(a) by virtue of that Claim having been listed by the Debtors on their Schedules. To permit such amendments would completely undermine the rationale of setting a bar date. However, the Debtors may amend their Schedules as a matter of course at any time before these cases are closed, and if they do amend their Schedules, in accordance with Bankruptcy Rule 1009(a), the Debtors will give notice of the amendment to any affected entity. If the schedule amendment reduces the liquidated amount of a scheduled Claim or reclassifies a Claim that was scheduled as undisputed, liquidated, and non-contingent Claim as disputed, unliquidated, and/or contingent, then—solely with respect to the Claim that was subject to the schedule amendment and only to the extent its proof of claim does not exceed the amount in which its claim was scheduled before the amendment—the affected claimant may timely file a proof of claim on or before the later of the following two dates: (a) the first business day that is 30 calendar days after the mailing of the notice of the schedule amendment, or (b) General Bar Date, whichever is later. MMFX contends that this 30-day deadline is reasonable and appropriate and provides claimants with sufficient time to file proofs of claim in these cases.

MMFX further contends that no extension of time is warranted if a schedule amendment increases the scheduled amount of an undisputed, liquidated, and non-contingent claim.

## IV.

## NOTICE OF BAR DATES

Attached to the Sahyan Declaration as <u>Exhibit A</u> is a form of the Bar Date Notice that the Debtors propose to mail out to the creditors, equity holders and other parties in interest informing them of the Bar Dates, the procedures for filing a proof of claim and the

ramifications for failure to comply with those procedures.  The Debtors submit that the Bar Date Notice is adequate under the circumstances, substantially conforms to the language required by LBR 3001-1, and provides the necessary information for the claimants to assert proofs of claim in the Debtors' cases.  As such, the Debtors requests that the Court approve the Bar Date Notice.

## V.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order fixing the time within which proofs of claim may be filed as set forth in this Motion and approving the form of notice attached to the Sahyan Declaration as Exhibit A.

Dated: February 2, 2011

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     */s/ Robert K. Sahyan*
ROBERT K. SAHYAN

Proposed Counsel for the Debtors .