SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
ORI KATZ, Cal. Bar No. 209561
okatz@sheppardmullin.com
AARON J. MALO, Cal. Bar No. 179985
amalo@sheppardmullin.com
ROBERT K. SAHYAN, Cal. Bar No. 253763
rsahyan@sheppardmullin.com
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone: 714-513-5100
Facsimile: 714-513-5130

Attorneys for Debtors

FILED & ENTERED

MAR 02 2011

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY kent    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

In re

MMFX CANADIAN HOLDINGS, INC., *et al.*,

Debtors.

☐ Affects MMFX Canadian Holdings, Inc.

☐ Affects MMFX International Holdings, Inc.

☒ Affects Fasteel Corporation

☒ Affects MMFX Steel Corporation of America

☒ Affects, MMFX Technologies Corporation

☐ Affects all Debtors

Case No. 8:10-bk-10083-RK

(Jointly Administered with Case Nos.: 10-bk-10085; 10-bk-27570; 10-bk-27571; and 10-bk-27572)

Chapter 11

**FINAL ORDER APPROVING DEBTORS' EMERGENCY MOTION FOR INTERIM AND FINAL ORDER (I) AUTHORIZING POST-PETITION FINANCING AND GRANTING LIENS AND SUPER-PRIORITY CLAIMS, AND (II) PROVIDING RELATED RELIEF**

Date:    February 22, 2011
Time:   2:30 p.m.
Place:   411 West Fourth Street
          Santa Ana, CA 92701
Courtroom: #5D

Upon the emergency motion (the "Motion") of Fasteel Corporation, MMFX Steel Corporation of America, and MMFX Technologies Corporation (the "Debtors") for an order: (a) authorizing the Debtors to incur post-petition secured indebtedness of up to $1.6 million on an interim and final basis, pursuant to a debtor-in-possession loan agreement, as modified by the parties (the "DIP Credit Agreement") between the Debtors and Lindsey Davidson, as Trustee of the Lindsey Davidson Trust dated April 28, 2009 ("DIP Lender"), pursuant to Sections 105, 361, 362 and 364 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002 and 4001(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and to grant to DIP Lender a lien and security interest (the "DIP Lien") for the benefit of the DIP Lender on substantially all property of the Debtors (the "DIP Collateral"), other than as set forth herein; and (b) Setting a final hearing on the this motion, having come for an initial hearing on December 17, 2010 and, after being continued on two occasions, for a final hearing on February 22, 2011,

THE COURT HEREBY FINDS AND CONCLUDES AS FOLLOWS:

A. The Emergency Motion came on for a final hearing before this Bankruptcy Court on the 22nd day of February 2011 at 2:30 p.m., with notice thereof having been given in accordance with Bankruptcy Rule 4001(c)(2) to: (1) Official Creditors' Committee and/or all statutory committees appointed by the United States Trustee (the "Committee") and/or the creditors holding the 20 largest unsecured claims against the Debtors; (2) the Office of the United States Trustee; and (3) certain other significant parties in interest.

B. Certain creditors and parties in interest made appearances on their own behalf and/or through counsel as noted on the record, and expressed their opinions on the Emergency Motion. The Court has examined the Emergency Motion and is entering this Order based upon the pleadings on file herein, and the arguments of counsel at the hearing, and all other evidence presented to the Court.

C. All capitalized words not otherwise defined in this Order have the meanings given for said terms in the DIP Credit Agreement.

D. Debtors have requested that DIP Lender loan funds to Debtors (the "DIP Financing") pursuant to the terms and conditions set forth herein and in the DIP Credit

Agreement, and all documents, instruments and agreements executed in connection therewith (collectively, the "DIP Documents").

E. The Debtors are unable to obtain unsecured credit allowable under Bankruptcy Code Section 503(b)(1), pursuant to Bankruptcy Code Sections 364(a), (b), (c) or on any basis other than the arrangement with DIP Lender.

F. The secured credit to be provided under the DIP Credit Agreement is necessary to fund the business of the Debtors and to pay the actual and necessary costs and expenses of preserving the Debtors' estates in accordance with the Budget (defined below).

G. The terms and conditions of the secured DIP Financing sought by the Debtors in the Emergency Motion, as set forth in the DIP Credit Agreement are, under the circumstances, the most advantageous currently available to Debtors.  After considering all alternatives, and engaging in discussions with other potential lenders for debtor-in-possession financing, the Debtors have concluded, in the exercise of their best and reasonable business judgment, that the terms and conditions contained in the DIP Credit Agreement represent the best financing terms available to Debtors.

H. DIP Lender has agreed to extend the DIP Financing on the terms and conditions contained in the DIP Credit Agreement and in reliance thereon, provided that this Court enters an order satisfactory to DIP Lender approving the DIP Credit Agreement and granting such liens, claims and priorities to DIP Lender as are set forth herein and in the DIP Credit Agreement.

I. Based on the record presented to the Court by the Debtors, it appears that (i) the secured financing arrangement contemplated by the Emergency Motion and approved herein, pursuant to which post-petition loans will be made available to Debtors by DIP Lender, is entered into by DIP Lender in good faith as the term "good faith" is used in Section 364(e) of the Bankruptcy Code, (ii) DIP Lender has expressly relied upon the protections offered by Section 364(e) of the Bankruptcy Code in extending such financing to Debtors, and (iii) in making decisions to extend credit or enforce their rights under the DIP Credit Agreement, DIP Lender shall not be deemed to be in control of the operations or properties of Debtors so as to subject DIP Lender to any liability (including, without limitation, environmental liability).  Likewise, it

1  appears that DIP Lender has adequately disclosed and apprised all interested parties of current or
2  past relationships with the Debtors.

3      J.    Notice of the Emergency Motion sufficient to satisfy the requirements of Federal
4  Rules of Bankruptcy Procedure ("FRBP") 2002 and 4001(c)(1), has been given to the United
5  States Trustee, the Committee, or if no Committee has been appointed, the 20 largest unsecured
6  creditors of Debtors, the appropriate Office of the United States Trustee, all secured creditors and
7  all parties otherwise entitled to notice. No further notice of the request for the relief granted in this
8  Order is required.

9      K.    The terms and conditions contained in the DIP Documents are the result of arms'
10 length negotiations, and Debtors are receiving fair consideration and reasonably equivalent value
11 from DIP Lender for the obligations incurred and the liens granted to DIP Lender.

12     L.    Good cause has been shown for the entry of this Order. Among other things,
13 pending confirmation of a plan of reorganization or the sale of some or substantially all of the
14 Debtors' assets, entry of this Order will minimize disruption of the Debtors' businesses and
15 operations and permit them to meet payroll and other operating expenses, obtain needed supplies
16 and retain customer and supplier confidence by demonstrating an ability to maintain normal
17 operations. The use of the DIP Financing authorized hereunder is vital to avoid immediate and
18 irreparable harm to the Debtors' estates. The ability of Debtors to continue in business so that they
19 can attempt to reorganize under the Bankruptcy Code depends on obtaining the relief sought in the
20 Emergency Motion and in this Order. Approval of the protections granted herein is therefore in
21 the best interest of the Debtors' estates.

22     M.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and
23 1334. Consideration of this matter constitutes a core proceeding as defined in 28 U.S.C. §
24 157(b)(2). The statutory predicates for the relief sought herein are sections 105, 362, 363 and 364
25 of the Bankruptcy Code and Rule 4001(c) of the Federal Rules of Bankruptcy Procedure. Venue
26 of these Chapter 11 cases and the Emergency Motion seeking approval of this Order in this
27 District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.
28

        NOW, THEREFORE, BASED UPON THE FOREGOING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

        1.    The Emergency Motion is hereby granted in all respects, and the DIP Credit Agreement attached hereto as Exhibit "A" is hereby approved subject to the terms and conditions set forth in this Order.

        2.    Good and sufficient notice of the Emergency Motion's request for approval of the DIP Financing and the other relief requested therein has been provided in accordance with, inter alia, 11 U.S.C. §§ 102(1), 364(c), and FRBP 2002 and 4001(c), and any requirement for other and further notice shall be, and it hereby is, dispensed with and waived.

        3.    The Debtors are authorized to obtain secured indebtedness from DIP Lender pursuant to the DIP Credit Agreement, and DIP Lender is authorized to disburse on a secured basis to the Debtors pursuant to the DIP Credit Agreement, a total of $1,600,000.00, plus any applicable interest, fees, and costs in accordance with the DIP Credit Agreement (the "DIP Indebtedness").

        4.    The Debtors are expressly authorized and approved to execute, deliver, perform and consummate all of the terms and conditions set forth in the DIP Documents, and any and all other documents, instruments and agreements reasonably requested by DIP Lender to execute, effectuate, carry out, or consummate all of the terms and conditions set forth in the DIP Documents and this Order.  The Debtors are further authorized and directed to pay any and all costs, charges and expenses, including counsel fees, payable under the DIP Documents.  Such costs, charges and expenses are hereby approved and deemed earned by DIP Lender upon entry of this Order and the first advance by DIP Lender to Debtors pursuant to the terms of the DIP Documents and shall be promptly paid to DIP Lender in accordance with the DIP Documents.

        5.    To secure the repayment of the DIP Indebtedness and any and all other obligations of Debtors to DIP Lender created by or arising under the DIP Documents, pursuant to Section 364 of the Bankruptcy Code, DIP Lender shall have, and is hereby granted an administrative expense claim equivalent in priority to a claim under Section 364(c)(1) of the Bankruptcy Code, with priority, subject to the limitations in paragraph 7 of this Order regarding the Carve-Out and subject

to Section 507(b), superior to all other costs and expenses of administration of the kinds specified in, or ordered pursuant to, Sections 105, 326, 327, 328, 330, 331, 503, 506(c), 507, 726, or 1114 of the Bankruptcy Code or otherwise, and shall at all times, to the extent permitted by applicable law, be senior to the rights of Debtors or any successor trustee, examiner, or responsible person in these or any subsequent proceedings under the Bankruptcy Code ("Super-Priority Claim"), except for any chapter 7 trustee. Notwithstanding anything to the contrary herein, the Super-Priority Claim shall not be payable from proceeds of Avoidance Claims.

6. To further secure the repayment of the DIP Indebtedness, the Debtors hereby grant and the Lender shall have the following: (a) a fully perfected, first priority security interest in and lien under section 364(c)(2) of the Bankruptcy Code on all unencumbered Collateral[1] of the Debtors, and (b) a fully perfected junior lien under section 364(c)(3) on all previously encumbered Collateral of the Debtors.[2] The liens granted under clauses (a) and (b) herein shall be referred to as the "DIP Liens". The DIP Liens shall not attach to the Avoidance Claims or proceeds thereof. The Superpriority Claim and DIP Liens shall be subject only to the Carve-Out set forth in paragraph 7 of this Order, the Permitted Liens and the retainer held by Sheppard, Mullin, Richter & Hampton LLP; provided that the DIP Indebtedness shall not be payable from the proceeds of any Avoidance Claims. The DIP Liens and the perfection thereof shall be effective by entry of this Order and can be further evidenced and accomplished by a security agreement executed by Debtors and the filing of such UCC-1 Financing Statements and such other instruments, filings

---

[1] "Collateral" of the Debtors means all of the property, assets or interests in property or assets of the Debtors, jointly and severally, of any kind or nature whatsoever, real or personal, now existing or hereafter acquired or created, including all property of the Debtors' bankruptcy estates (within the meaning of the Bankruptcy Code), including all causes of action, accounts, inventory, chattel paper, contract rights, instruments, documents, general intangibles (including all intellectual property, copyrights, deposit accounts, licensing agreements, patents, trademarks and trade names), machinery and equipment, real property, leases, cash, bank accounts and other investment property (but specifically excluding all causes of action arising under chapter 5 of the Bankruptcy Code, related state court provisions incorporated through chapter 5 of the Bankruptcy Code ("Avoidance Claims") and the proceeds of Avoidance Claims), together with all proceeds, rents, products and profits of any of the foregoing.

[2] Previously encumbered Collateral means any Collateral that is subject to a valid, enforceable, non-avoidable, perfected security interest in existence as of the Petition Date (the "Permitted Liens").

-5-

and actions as Lender determines to be necessary or appropriate in order to properly grant and perfect such security interests under applicable law and to otherwise protect Lender.

7. Any other provision of this Order or the DIP Credit Agreement to the contrary notwithstanding, the DIP Liens and the Super-Priority Claim shall be subject to payment of the following carve-out expenses (the "Carve-Out"): (a) fees payable to the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6); and (b) up to an aggregate of $200,000.00 per month for all claims of the respective retained professionals of the Debtors or the Committee whose retention is approved by this Court during the Cases pursuant to Sections 327, 328, and 1103 of the Bankruptcy Code (collectively, the "<u>Retained Professionals</u>") for fees and expenses which were incurred at any time on and after the Petition Date and before the Termination Date; provided that, in each case, such fees and expenses of the Retained Professionals are ultimately allowed on a final basis by this Court under sections 328, 330 and 331 of the Bankruptcy Code (nothing herein shall waive the right of any party to object to the allowance of any such fees and expenses).

8. The DIP Liens in, on and to the Collateral granted by Debtors pursuant to this Order and the financing arrangement set forth in the Emergency Motion are hereby deemed effective, valid and perfected as of the commencement of Debtors' bankruptcy cases, without the necessity of the filing by any person of any deeds of trust, mortgages, UCC financing statements, notices of liens and security interests, documents or other instruments otherwise required to be filed under applicable non-bankruptcy law for the perfection of security interests or mortgages, with such validity and perfection being binding upon any subsequently appointed Trustee, either in a Chapter 11 case or a case under any other Chapter of the Bankruptcy Code, and on any and all other creditors of Debtors who have or may hereafter extend credit to Debtors, or file a claim of any nature whatsoever, in this or any superseding Bankruptcy Case of Debtors.

9. Commencing on the Petition Date, and consistent with the DIP Documents, Debtors are authorized to request and receive from DIP Lender the available balance of the DIP Financing.

10. The Debtors shall draw down the full amount allocated to each of the Retained Professionals under the attached Budget at the time set forth in such Budget to the extent the

1 amount does not exceed $200,000 per month, even if an order concerning such Retained
2 Professional's fees has not been entered. The Debtors shall retain amounts so drawn down under
3 the Budget on account of the Professional fees in a segregated bank account (the "Professional
4 Fees Account") for the benefit of the Retained Professionals only, to be disbursed from the
5 Professional Fees Accounts only pursuant to further order of the Court. To the extent, if any, after
6 the determination and payment of the Retained Professionals' final Court approved fee
7 applications for their services rendered during the periods covered by the Budget for the funds
8 deposited in the Professional Fee Account, there remain any funds in the Professional Fee
9 Account, such unpaid funds shall be paid to the DIP Lender provided that there are outstanding
10 obligations owing under the DIP Credit Agreement to the DIP Lender. The DIP Lien shall not
11 attach to the amounts in the Professional Fees Account; provided however, that the DIP Lender
12 shall have a security interest in such unpaid funds to secure the obligation to repay such unpaid
13 funds to the DIP Lender to the extent there remains any amounts owing and unpaid on the DIP
14 Financing. The amounts allocated in the Budget for each Retained Professional is shown therein
15 only for purposes of the Carve-Out, and neither the Budgeted amounts nor the $200,000 total
16 monthly amount in the Carve-Out shall constitute a cap or limitation on the amounts allowed to
17 the relevant Retained Professional.

18     11. The Debtors may continue to utilize their existing integrated cash management
19 system which provides for the transfer of funds among the Debtors, provided (i) that the Debtors
20 maintain records of the inter-company transfers of funds and (ii) that the Debtors' continued use of
21 their existing cash management system shall be without prejudice to any rights and claims that any
22 Debtor or party-in-interest may have with respect to such inter-company transfers.

23     12. As between this Order and any other Loan Documents, this Order shall govern.

24     13. Any reporting that the Debtors are required to provide to the DIP Lender under the
25 DIP Loan Documents shall also be provided concurrently to the Committee.

26     14. The Debtors and the DIP Lender, with the consent of the Committee, may amend,
27 modify, supplement or waive any provision of the DIP Financing Documents, provided that such
28 amendment, modification, supplement or waiver, in the judgment of the Debtors and the DIP

1 | Agent, is either nonprejudicial to the rights of third parties or is not material. Except as otherwise
2 | provided herein, no waiver, modification, or amendment of any of the provisions hereof shall be
3 | effective unless (a) set forth in writing, signed by or on behalf of all the Debtors, the DIP Lender,
4 | and the Committee, or (b) approved by this Court.

###

DATED: March 2, 2011

_____
United States Bankruptcy Judge

-8-

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP, Four Embarcadero Center, 17th Fl, San Francisco CA 94111

A true and correct copy of the foregoing document described as **FINAL ORDER APPROVING DEBTORS' EMERGENCY MOTION FOR INTERIM AND FINAL ORDER (I) AUTHORIZING POST-PETITION FINANCING AND GRANTING LIENS AND SUPER-PRIORITY CLAIMS, AND (II) PROVIDING RELATED RELIEF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On February 25, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*Served by Personal Delivery:*
United States Bankruptcy Court
The Honorable Robert Kwan
411 West Fourth Street, Suite 5165
Santa Ana, CA 92701-4593

*Served by US Mail:*

| | | |
|---|---|---|
| Pachulski Stang Ziehl & Jones LLP | Investment Funding, Inc. | Fourth Third, LLC |
| Jeffrey N. Pomerantz, Esq. | Attn: Donald A. English, Esq. | Winston & Strawn, LLP |
| Shirley S. Cho, Esq. | English & Gloven, APC | Attn: John D. Fredericks |
| 10100 Santa Monica Blvd., 11th Fl. | 550 West "C" St., #1800 | 101 California St., 39th Fl. |
| Los Angeles, CA 90067-4100 | San Diego, CA 92101 | San Francisco, CA 94111 |

Office of United States Trustee
Attn: Nancy Goldenberg
411 W Fourth St Ste 9041
Santa Ana, CA 92701-8000

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 28, 2011 | EDIE WALTERS | /s/ Edie Walters |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*  **9013-3.1.PROOF.SERVICE**

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **FINAL ORDER APPROVING DEBTORS' EMERGENCY MOTION FOR INTERIM AND FINAL ORDER (I) AUTHORIZING POST-PETITION FINANCING AND GRANTING LIENS AND SUPER-PRIORITY CLAIMS, AND (II) PROVIDING RELATED RELIEF**  was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **March 1, 2011**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Henkie F Barron  hbarron@winston.com, docketsf@winston.com
- Frank Cadigan  frank.cadigan@usdoj.gov
- Shirley Cho  scho@pszjlaw.com
- Jeffrey W Dulberg  jdulberg@pszjlaw.com
- Peter L Duncan  peterd@psdslaw.com, chelam@psdslaw.com
- Donald English  dae@englishapc.com
- Beth Gaschen  bgaschen@wgllp.com
- Nancy S Goldenberg  nancy.goldenberg@usdoj.gov
- Ori Katz  okatz@sheppardmullin.com
- Aaron J Malo  amalo@sheppardmullin.com
- Margaret M Mann  mmann@sheppardmullin.com, michelemcconnell@sheppardmullin.com
- J. Barrett Marum  bmarum@sheppardmullin.com, danderson@sheppardmullin.com
- Jeffrey N Pomerantz  jpomerantz@pszjlaw.com
- Justin E Rawlins  jrawlins@winston.com, docketla@winston.com
- Daniel H Reiss  dhr@lnbrb.com
- Robert K Sahyan  rsahyan@sheppardmullin.com
- Gerald N Sims  jerrys@psdslaw.com, bonniec@psdslaw.com
- Evan D Smiley  esmiley@wgllp.com
- Philip E Strok  pstrok@wgllp.com
- United States Trustee (SA)  ustpregion16.sa.ecf@usdoj.gov
- Gilbert B Weisman  notices@becket-lee.com

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

> The Debtors
> c/o MMFX Technologies Corporation
> 2415 Campus Drive, Suite 100
> Irvine, CA 92612

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010* **F 9021-1.1.NOTICE.ENTERED.ORDER**