John D. Fredericks (SBN: 168309)
**WINSTON & STRAWN LLP**
101 California Street, 39th Floor
San Francisco, CA 94111-5802
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
jfredericks@winston.com

Justin E. Rawlins (SBN: 209915)
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750
jrawlins@winston.com

Attorneys for Creditor Fourth Third LLC

Donald A. English (SBN: 115569)
**ENGLISH & GLOVEN**
550 West "C" Street, #1800
San Diego, CA 92101
Telephone: (619) 338-6610
Facsimile: (619) 338-6657
dae@englishapc.com

Attorneys for Investment Funding, Inc.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| In re: | **Case No. 8:10-bk-10083-RK** |
|---|---|
| MMFX Canadian Holdings, Inc., et al., | (Jointly Administered with Case Nos.: 10-bk-10085; 10-bk-27570; 10-bk-27571; and 10-bk-27572) |
| Debtors. | |
| | Chapter 11 |
| ☐ Affects MMFX Canadian Holdings, Inc.<br>☒ Affects MMFX International Holdings, Inc.<br>☒ Affects Fasteel Corporation<br>☒ Affects MMFX Steel Corporation of America<br>☒ Affects MMFX Technologies Corporation<br><br>☐ Affects all Debtors | **JOINDER IN SUPPORT OF CONFIRMATION OF FIRST AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION**<br><br>Date: July 22, 2011<br>Time: 9:00 a.m.<br>Place: Courtroom 5D<br>411 West Fourth Street<br>Santa Ana, CA 92701<br>Judge: Hon. Robert Kwan |

Fourth Third LLC and Investment Funding, Inc. (the "Co-Proponents") hereby join in the Debtors' and Committee's Memorandum of Points and Authorities in Support of Confirmation of First Amended Joint Chapter 11 Plan of Reorganization (the "Confirmation Brief") and represent as follows:

1. Except as set forth below, the Co-Proponents join in the arguments made in the Confirmation Brief. In particular, the Co-Proponents join on the grounds that confirmation of the Plan[1] is in the best interests of the Debtors' estates and their respective creditors and supports the good faith efforts of the Co-Proponents, the Debtors, the Committee, who have engaged in vigorous arm's-length negotiations with respect to nearly every aspect of these cases, including formulation of the Plan Support Agreement and the Plan.

2. The Debtors losses during the eight months these cases have been pending already exceed $2,200,000.00. Since the exclusivity was terminated last April, the Debtors' monthly cash burn has increased significantly as revenues by MMFX Steel Corporation have suffered dramatic declines. In the first four months of these cases, MMFX Steel was selling approximately 2,000 tons of steel per month and the Debtors' net losses per month averaged a little over $200,000. Since then, sales have averaged 1,008 tons per month for the months of April, May and June, with approximately 535 tons in sales projected for July. The Debtors have exhausted the $1.6 million DIP loan proceeds and continued operations are being funded by the deferral of professional fees now totaling approximately $660,000.

3. The Debtors have been given the opportunity, *pursuant to a process that the major constituencies agreed to and the Court approved,* to find a buyer, an investor or some other strategic transaction to maximize value. That process failed to generate any viable alternative. Not one Qualified Bid was submitted by the Bid Deadline. Indeed, the Investment Banking Process has yielded no interest whatsoever at levels that would be required to provide creditors or shareholders with a better recovery than proposed under the Plan. This alone evidences that the estate would fair far worse if it came down to liquidating the assets in a chapter 7.

---

[1] Capitalized terms shall have the meanings ascribed to them under the First Amended Joint Plan of Reorganization of Affiliated Debtors Under Chapter 11 of the Bankruptcy Code (the "Plan") filed June 7, 2011 as docket # 374.

4. With regard to substantive consolidation, the Co-Proponents join only in part. The Co-Proponents are supportive of substantive consolidation as part of a global compromise that would result in greater benefit to most of the creditors (except, perhaps, Fourth Third and Investment Funding), provided that this Plan is confirmed without any further delay. The Co-Proponents can neither admit nor deny any of the facts or arguments put forth by the Debtors and Committee in support of substantive consolidation, however, other than the argument that substantive consolidation is warranted for claims resolution and distribution purposes only and should be approved under sections 1123 and 105(a) of the Bankruptcy Code as part of a global settlement approved by the substantial majority of unsecured creditors. If the Plan is not confirmed, Fourth Third and Investment Funding reserve their right to challenge whether substantive consolidation on any basis would be appropriate.

Wherefore, the Co-Proponents respectfully request that this Court confirm the Plan and grant such other and further relief as the Court deems just and proper.

Dated: July 18, 2011  WINSTON & STRAWN LLP

By: /s/ Justin E. Rawlins
Justin E. Rawlins
Attorneys for Fourth Third LLC

-and-

ENGLISH & GLOVEN

By: /s/ Donald A. English
Donald A. English
Attorneys for Investment Funding, Inc.