SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Ori Katz (SBN: 209561)
Aaron J. Malo (SBN: 179985)
Robert K. Sahyan (SBN: 253763)
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109
Telephone: (415) 434-9100
Facsimile: (415) 434-3947
COUNSEL TO DEBTORS

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (SBN: 143717)
Shirley S. Cho (SBN: 192616)
10100 Santa Monica Blvd., 11th Floor
Los Angeles, CA 90067-4100
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS

WINSTON & STRAWN LLP
John D. Fredericks (SBN: 168309)
Justin E. Rawlins (SBN: 209915)
101 California Street, 39th Floor
San Francisco, CA 94111-5802
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
COUNSEL TO FOURTH THIRD LLC

ENGLISH & GLOVEN, APC
Donald A. English, Esq. (SBN: 115569)
550 West C Street, Suite 1800
San Diego, CA 92101
Telephone: (619) 338-6610
Facsimile: (619) 338-6657
COUNSEL TO INVESTMENT FUNDING, INC.

FILED & ENTERED
JUL 22 2011
CLERK U.S. BANKRUPTCY COURT
Central District of California
BY kent DEPUTY CLERK

CHANGES MADE BY COURT

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

In re

MMFX CANADIAN HOLDINGS, INC., *et al.*,

Debtors.

☐ Affects MMFX Canadian Holdings, Inc.

☒ Affects MMFX International Holdings, Inc.

☒ Affects Fasteel Corporation

☒ Affects MMFX Steel Corporation of America

☒ Affects, MMFX Technologies Corporation

☐ Affects all Debtors

Case No. 8:10-bk-10083-RK
(Jointly Administered with Case Nos.: 10-bk-10085; 10-bk-27570; 10-bk-27571; and 10-bk-27572)
Chapter 11

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER APPROVING FIRST AMENDED JOINT PLAN OF REORGANIZATION OF AFFILIATED DEBTORS UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

Date: July 22, 2011
Time: 9:00 a.m.
Place: Courtroom 5D
411 West Fourth Street
Santa Ana, CA 92701

On July 22, 2011, this Court conducted a hearing on confirmation of the First Amended Joint Plan of Reorganization of Affiliated Debtors under Chapter 11 of the Bankruptcy Code (the "Plan") filed on June 7, 2011 [Docket No. 374]. The Plan was filed by MMFX International Holdings, Inc., Fasteel Corporation, MMFX Steel Corporation of America, and MMFX Technologies Corporation (collectively, "Debtors"), the Official Committee of Unsecured Creditors (the "Committee"), Investment Funding, Inc. ("Investment Funding"), and Fourth Third LLC ("Fourth Third"). The Debtors, Committee, Investment Funding and Fourth Third are jointly referred to herein as the "Proponents." Capitalized terms not defined herein shall have the meaning set forth in the Plan. In connection therewith, the Court finds as follows:

A. The Plan; the Disclosure Statement with respect to the Plan [Docket No. 375]; the Order (1) Approving Disclosure Statement, (2) Approving Solicitation Procedures, And (3) Approving Form Of Ballot, Related Notices And Certain Other Related Matters [Docket No. 379] (the "Order Approving Disclosure Statement"); Plan Supplement [Docket No. 402]; Ballot Instructions for Classes 3, 5, and 6 and Ballots (collectively, the "Solicitation Package") were transmitted to all Holders of Claims and Interests and other parties in interest in accordance with the Order Approving Disclosure Statement, as set forth in the Certificates of Service filed with the Bankruptcy Court [Docket Nos. 385, 386, 387 and 403].

B. The Proponents filed the Plan Supplement with the Bankruptcy Court on June 24, 2011 [Docket No. 402].

C. As detailed in the Declaration of Ricardo S. Chance of KPMG Corporate Finance, LLC, filed on July 18, 2011 [Docket No. 446] (the "KPMG Declaration"), the Investment Banking Process did not lead to a Successful Bid. Thus, the Debtors are restructuring under Scenario B of the Plan.

D. On July 18, 2011, the Debtors filed the Declaration of Robert Sayhan, Certifying Voting on, and Tabulation of, Ballots Accepting and Rejecting the Plan [Docket No. 447] (the "Voting Declaration"). The Voting Declaration certifies the results of the

ballot tabulation for Class 3, which represents the only Class entitled to vote under Scenario B of the Plan.

E. On July 8, 2011, a single objection was filed opposing confirmation of the Plan [Docket No. 421] (the "Objection"). In response to the Objection, the Debtors and Committee filed their Memorandum of Points and Authorities in Support of Confirmation of First Amended Joint Chapter 11 Plan of Reorganization [Docket No. 446] (the "Confirmation Brief"), the KPMG Declaration, and the Declaration of Michael Pompay in Support of Confirmation of First Amended Joint Chapter 11 Plan of Reorganization [Docket No. 446] (the "Pompay Declaration") and Fourth Third and Investment Funding filed a joinder in support of confirmation of the Plan [Docket No. 445]. Other than the Objection, no other objections or informal objections to confirmation of the Plan or to assumption of any of the listed contracts or leases were filed or otherwise received by the Proponents.

F. Pursuant to the Order Approving the Disclosure Statement, the Bankruptcy Court held a hearing commencing on July 22, 2011 at 9:00 a.m. (the "Confirmation Hearing") to consider confirmation of the Plan.

NOW THEREFORE, based upon the Bankruptcy Court's review and consideration of (i) the foregoing, including the Plan, the Plan Supplement, the KPMG Declaration, the Pompay Declaration, the Objection and the Proponents' responses to the Objection, and the other pleadings of record and other documents before the Bankruptcy Court in connection with the confirmation of the Plan, (ii) the record of the Confirmation Hearing (including the statements of counsel in support of and in opposition to confirmation at the Confirmation Hearing and all testimony proffered or presented and evidence admitted at the Confirmation Hearing, (iii) the entire record of these Chapter 11 Cases, and (iv) the Bankruptcy Court finding that (A) notice of the Voting Deadline, the deadline to object to the Plan, and Confirmation Hearing and the opportunity of any party in interest to object to assumption of any listed contract or lease and/or confirmation were adequate and appropriate, in accordance with Federal Rule of Bankruptcy Procedure

("Bankruptcy Rule") 2002(b) and the Order Approving Disclosure Statement [Docket No. 379], as to all parties to be affected by the Plan and the transactions contemplated thereby, and (B) the legal and factual bases presented at the Confirmation Hearing and as set forth in this Confirmation Order establish just cause for the relief granted herein; and after due deliberation thereon, and good cause appearing therefor;

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

THE COURT HEREBY FINDS AND CONCLUDES THAT:

1. This Bankruptcy Court has jurisdiction over these Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334. Confirmation of the Plan is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(L) and this Bankruptcy Court has jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code, 11 U.S.C., to determine whether the Plan should be confirmed and to enter a final order with respect hereto. Venue of this Chapter 11 Case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Judicial notice is hereby taken of the dockets of the Chapter 11 Cases maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed, all orders entered, and transcripts of, and all evidence and arguments made, proffered, or adduced at, the hearings held before the Court during the pendency of the Chapter 11 Cases.

3. The Plan is dated and identifies the entities submitting it, thereby satisfying Bankruptcy Rule 3016(a). The filing of the Disclosure Statement with the Court satisfies Bankruptcy Rule 3016(b).

4. The Proponents have given notice of the Confirmation Hearing as required by Bankruptcy Rule 3017(d). Such notice was good and sufficient under the particular circumstances and no other or further notice is or shall be required.

5. The Debtors' solicitation of votes to accept or reject the Plan satisfies Bankruptcy Rule 3018. The Plan was transmitted to all creditors entitled to vote on the Plan, and sufficient time was prescribed for such creditors to vote to accept or reject the Plan, thereby satisfying the requirements of Bankruptcy Rule 3018. The Debtors have solicited acceptances of

the Plan in good faith and in compliance with the Bankruptcy Code.

6. The Proponents have met their burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence.

7. The Plan complies with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and the orders of this Bankruptcy Court with respect to the Plan, thus satisfying the requirements of section 1129(a)(1) of the Bankruptcy Code.

8. The Proponents have complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and the orders of this Bankruptcy Court with respect to the solicitation of acceptances or rejections of the Plan, including, without limitation, sections 1125 and 1126 of the Bankruptcy Code and Bankruptcy Rules 3017, 3018 and 3019, thus satisfying the requirements of section 1129(a)(2) of the Bankruptcy Code.

9. The Plan, and the compromises and settlements embodied therein, have been proposed in good faith and not by any means forbidden by law, thus satisfying the requirements of section 1129(a)(3) of the Bankruptcy Code.

10. All payments that have been made or are to be made by the Debtors or the Reorganized Debtors under the Plan or by any person acquiring property under the Plan, for services or for costs and expenses in, or in connection with, the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, has been approved by, or will be subject to the approval of, the Bankruptcy Court as reasonable, thus satisfying the requirements of section 1129(a)(4) of the Bankruptcy Code.

11. The Proponents have made available all necessary information with respect to the identity of the Reorganized Debtors' officers, directors, and stockholders, and the appointment to, or continuance in, such office of such individuals is consistent with the interests of holders of Claims and Interests and with public policy, thus satisfying the requirements of section 1129(a)(5) of the Bankruptcy Code.

12. The Debtors' business does not involve the establishment of rates over which any regulatory commission has jurisdiction or will have jurisdiction after confirmation.

Thus, section 1129(a)(6) of the Bankruptcy Code is inapplicable to these Chapter 11 Cases.

13. Section 1129(a)(7) of the Bankruptcy Code requires that each holder of a Claim or Interest in an impaired class accept the Plan, or receive or retain under the Plan property having a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would receive on account of such Claim or Interest if such Debtor were liquidated under Chapter 7 of the Bankruptcy Code. Classes 3, 4, 5, and 6 are impaired under Scenario B of the Plan. The Disclosure Statement and the other evidence proffered or adduced at the Confirmation Hearing (i) are persuasive and credible, (ii) have not been controverted by other evidence or challenged in any objection to confirmation of the Plan, and/or (iii) establish that each holder of an impaired Claim in Classes 3, 4, 5, and 6 has either accepted the Plan, or will receive or retain under the Plan property having a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would receive or retain if such Debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date, thus satisfying the requirements of section 1129(a)(7) of the Bankruptcy Code.

14. Section 1129(a)(8) of the Bankruptcy Code requires that for each Class of Claims or Interests under the Plan, such Class has either accepted the Plan or is not impaired under the Plan. Unimpaired Classes 1 and 2 are conclusively presumed to have accepted the Plan without the solicitation of acceptances or rejections pursuant to section 1126(f) of the Bankruptcy Code. Impaired Class 3 under Scenario B has accepted the Plan. With respect to Classes 4, 5 and 6, which are deemed to have rejected Scenario B of the Plan, the Bankruptcy Court finds and concludes that, pursuant to Bankruptcy Code § 1129(b)(1) and (2) the Plan does not discriminate unfairly, and is fair and equitable because, *inter alia*, no Holders of junior Claims or Interests will receive any property under the Plan. As set forth in the tabulation results, the Holders of Class 3 Claims voted to accept the Plan in each of the Chapter 11 Cases. Although Section 1129 (a)(8) of the Bankruptcy Code has not been satisfied with respect to Classes 4, 5, and 6, the Plan is confirmable because the Plan satisfies Section 1129(b) of the Bankruptcy Code with respect to those Classes of Claims and Equity Interests.

15. The treatments of Administrative Claims under the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(9)(A). The treatment of Priority Tax Claims under the Plan satisfies the requirements of Bankruptcy Code 1129(a)(9)(C).

16. The Plan has been accepted by impaired Class 3, determined without consideration of any acceptance of the Plan by insiders, thus satisfying the requirement of section 1129(a)(10) of the Bankruptcy Code.

17. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization of the Debtors, as the Plan is predicated upon the reorganization of the Debtors, the payment of all Allowed Administrative and Priority Non-Tax Claims and Priority Tax Claims, as and to the extent required by the Bankruptcy Code. Holders of Allowed Claims shall receive distributions of Cash in accordance with the priority scheme of the Bankruptcy Code and the provisions of the Plan, thus satisfying the feasibility requirements of section 1129(a)(11) of the Bankruptcy Code.

18. The Debtors have paid, or will pay on the Effective Date, all amounts due under 28 U.S.C. § 1930, thus satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

19. The Debtors provide no retiree benefits, as that term is defined in section 1114 of the Bankruptcy Code, and thus the Plan satisfies the requirements of section 1129(a)(13) of the Bankruptcy Code.

20. The Provisions of Bankruptcy Code sections 1129(a)(14), (15), and (16) are not applicable to the Debtors or Reorganized Debtors.

21. Classes 4, 5, and 6 are impaired Classes that are deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code. At and prior to the Confirmation Hearing, the Debtors presented evidence that the Plan does not discriminate unfairly and is fair and equitable with respect to Classes 4, 5, and 6, as required by section 1129(b) of the Bankruptcy Code. Therefore, the Plan may be confirmed notwithstanding the Debtors' failure to satisfy section 1129(a)(8) of the Bankruptcy Code as to such Classes. Upon confirmation and the occurrence of the Effective Date, the Plan shall be binding upon the members of all Classes of

Claims and Interests, including, but not limited to, Classes 4, 5, and 6.

22. Other than the Plan, including previous versions thereof, no other plan has been filed in the Chapter 11 Cases. Accordingly, the requirements of section 1129(c) of the Bankruptcy Code have been satisfied.

23. The principal purpose of the Plan is not the avoidance of taxes or avoidance of the requirements of section 5 of the Securities Act of 1933 and no governmental unit has requested that the Bankruptcy Court deny confirmation on such basis, thus satisfying the requirements of section 1129(d) of the Bankruptcy Code.

24. The Plan does not provide for the liquidation of all or substantially all of the property of the Debtors' Estates and the Reorganized Debtors will be engaged in their respective businesses following consummation of the Plan. Section 1141(d)(3) of the Bankruptcy Code is therefore not applicable.

25. The Bankruptcy Court finds that it may properly retain jurisdiction over the matters set forth in Article X of the Plan and section 1142 of the Bankruptcy Code.

26. Article II, III, and IV of the Plan adequately and properly identifies and classifies all Claims and Interests. The Claims or Interests placed in each Class are substantially similar to other Claims or Interests, as the case may be, in each such Class, and such classification is therefore consistent with Section 1122 of the Bankruptcy Code. Valid business and legal reasons exist for the various Classes of Claims and Interests created under the Plan, and such classification does not unfairly discriminate among holders of Claims or Interests. The Plan's classification scheme recognizes the differing legal and equitable rights of creditors versus Interest Holders, secured versus unsecured Claims, and priority versus non-priority Claims. Accordingly, the Plan satisfies section 1123(a)(1) of the Bankruptcy Code.

27. The Plan specifies in Article II and IV that Classes 1 and 2 are not impaired under the Plan, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

28. The Plan specifies in Articles II and IV the Classes of Claims and Interests that are impaired, and specifies in Article IV the treatment of the impaired Classes under Scenario B (Classes 3, 4, 5 and 6), thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

29. The Plan provides for the same treatment for a Claim or Interest in each respective Class unless the holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

30. Article V of the Plan provides adequate and proper means for implementation of the Plan, thereby satisfying section 1123(a)(5) of the Bankruptcy Code. Among other things, Article V provides for (i) the continued corporate existence of the Debtors as the Reorganized Debtors and (ii) the vesting of the property of the Debtors' Estates in the Reorganized Debtors free and clear of liens, claims and interests except as specifically otherwise provided in the Plan.

31. Article V of the Plan provides that the corporate governance documents of the Reorganized Debtor shall, among other things, include a provision prohibiting the issuance of non-voting equity securities, thereby satisfying the requirements of section 1123(a)(6) of the Bankruptcy Code.

32. Article V of the Plan regarding the officers and directors of the Reorganized Debtor is consistent with the interests of creditors and equity security holders and with public policy, thereby satisfying section 1123(a)(7) of the Bankruptcy Code.

33. The releases set forth in Article IX of the Plan are fair and necessary to the success of the Debtors' reorganization in light of the circumstances presented.

34. The Debtors have provided adequate assurance of future performance with respect to the executory contracts and unexpired leases to be assumed and/or assigned pursuant to Article VII of the Plan.

35. The Proponents have sought to substantively consolidate their estates solely for claims resolution and distribution purposes with respect to distributions to be made under the Plan. Class 3 represents the sole impaired Class of creditors who will receive distributions under the Plan. Because Class 3, both with respect to each individual Debtor and on a consolidated basis, has voted to accept the Plan, the consolidation is approved as a settlement and consolidation under Section 1123 of the Bankruptcy Code. Thus, on and after the Effective Date, each and every Claim filed or to be filed in the Cases shall be deemed filed against all the Debtors and shall

be a Claim against and obligation of all the Debtors. As a result of the consolidation, any guaranty by one or more of the Debtors of the obligations of another Debtor shall be eliminated. All duplicative Claims (identical in both amount and subject matter) filed against more than one of the Debtors shall be automatically expunged so that only one Claim survives against the consolidated Debtors (but in no way shall such surviving Claim be deemed Allowed by reason of this section). Any claim filed against more than one Debtor for the same underlying debt, whether based on joint and/or several liability or otherwise, shall be treated as one collective obligation of the Debtors. Substantive consolidation shall not affect the legal and organizational structure of the Reorganized Debtors or their separate corporate existences.

36. Notwithstanding anything in the contrary to the Plan, the Exit Facility definition is amended such that the reference to $1,000,000 shall be revised to be $1,082,000. Upon the funding of the Exit Facility, the Reorganized Debtors shall immediately (but no later than 2 business days) commence distribution to holders of General Unsecured Claims on account of their Allowed General Unsecured Claims. Furthermore, unless otherwise agreed to by the Claim holder or otherwise ordered by the Court, the Claim Objection Deadline to object to General Unsecured Claims shall be the Effective Date. If no objection is interposed by the Effective Date, the General Unsecured Claim shall be deemed Allowed for all purposes under the Plan.

37. Any modifications to the Plan made through this Order are approved under Section 1127(a) of the Bankruptcy Code and Bankruptcy Rule 3019(a) and incorporated as though fully set forth in the Plan . No resolicitation of votes or further notice is required because any such modifications are beneficial to holders of General Unsecured Creditors, whose recoveries are being increased by such modifications.

38. The Court finds and concludes that, the Proponents of the Plan have met their burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence. The Court finds and concludes that the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

39. All documents reasonably necessary to implement the Plan shall be, upon execution on or after the Effective Date, valid, binding, and enforceable agreements, including the documents executed in connection with the Exit Facility. Further, the Plan and all documents reasonably necessary to implement the Plan are in the best interests of the Debtors, their respective Estates, and the Reorganized Debtors and have been negotiated in good faith and at arm's length.

40. All findings of fact and conclusions of law announced by this Court on the record in connection with confirmation of the Plan at the Confirmation Hearing are incorporated herein by reference.

## ORDER

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED that:

I. Approval. The Plan, which consists of the Plan, as filed on June 7, 2011, and all exhibits, provisions, terms and conditions thereto, the Plan Supplement, including, but not limited to the lists of assumed and rejected executory contracts and unexpired leases and Assumption Obligations in the Plan Supplement, are approved and confirmed in substantially the forms as filed, as having satisfied all of the requirements of Chapter 11 of the Bankruptcy Code. The terms of the Plan are incorporated herein by reference and are an integral part of this Confirmation Order.

II. Objections Overruled. All objections that have not been withdrawn, waived or settled are overruled on the merits.

III. Findings of Fact and Conclusions of Law. The findings of fact and conclusions of law of the Bankruptcy Court set forth herein and at the Confirmation Hearing shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, as made applicable herein by Bankruptcy Rule 9014, and the findings and conclusions of the Bankruptcy Court at the Confirmation Hearing are incorporated herein by reference. To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and vice versa.

IV. Discharge of Claims.

A. As of the Effective Date, except as otherwise provided herein or in the Plan, all Persons shall be precluded from asserting against the Debtors or the Reorganized Debtors any

other or further claims, debts, rights, causes of action, claims for relief, liabilities, or equity interests relating to the Debtors based upon any act, omission, transaction, occurrence, or other activity of any nature that occurred prior to the Effective Date. In accordance with the foregoing, except as otherwise provided herein or in the Plan, this Confirmation Order constitutes a judicial determination of discharge of all such Claims and other debts and liabilities against the Debtors, pursuant to sections 524 and 1141 of the Bankruptcy Code, and such discharge shall void any judgment obtained against the Debtors at any time, to the extent that such judgment relates to a discharged Claim; provided, however, that none of the foregoing shall preclude an applicable governmental taxing authority from conducting a tax audit covering the postpetition, pre-Effective Date period or from asserting and recovering a claim arising from such tax audit, to the extent such claim is an Allowed Claim.

B. Except as otherwise provided herein or in the Plan, or for obligations set forth in the Plan Supplement, all consideration distributed under the Plan shall be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims of any nature whatsoever against the Debtors or any of their assets or properties and, regardless of whether any property shall have been abandoned by order of the Bankruptcy Court, retained, or distributed pursuant to the Plan on account of such Claims, upon the Effective Date, each Debtor shall be deemed discharged and released under section 1141(d)(1)(A) of the Bankruptcy Code from any and all Claims, including, but not limited to, demands and liabilities that arose before the Effective Date, and all debts of the kind specified in section 502 of the Bankruptcy Code, whether or not (i) a Proof of Claim based upon such debt is filed or deemed filed under section 501 of the Bankruptcy Code, (ii) a Claim based upon such debt is Allowed under section 502 of the Bankruptcy Code, (iii) a Claim based upon such debt is or has been disallowed by order of the Bankruptcy Court, or (iv) the Holder of a Claim based upon such debt accepted the Plan.

C. Effects of Confirmation; Immediate Effectiveness; Binding Effect. The Debtors are hereby authorized to consummate the Plan at any time following entry of this Confirmation Order. Notwithstanding the stay contemplated by Bankruptcy Rule 3020(e) and except as otherwise provided in section 1141(d) of the Bankruptcy Code, immediately after entry

of this Confirmation Order, the provisions of the Plan and this Confirmation Order shall be deemed binding against the Debtors, Reorganized Debtors, any and all holders of Claims against or Interests in either Debtor, including all governmental entities or recording offices (irrespective of whether such Claims or Interests are impaired under the Plan or whether the holders of such Claims or Interests accepted, rejected or are deemed to have accepted or rejected the Plan), any and all non-debtor parties to executory contracts or unexpired leases with the Debtors, and any and all entities that are parties to or are subject to the settlements, compromises, releases, discharges and injunctions described in the Plan. Accordingly, as permitted by Bankruptcy Rule 3020(e), the ten (10) day period provided by such rule is hereby waived in its entirety. Upon the occurrence of the actions to be taken on the Effective Date and distributions to Holders of Allowed Claims have commenced, the Plan shall be deemed to be substantially consummated under section 1101 of the Bankruptcy Code.

V. Exit Facility. The Exit Facility under Scenario B of the Plan, the terms of which have been specified in the Plan Supplement, is approved. Pursuant to Bankruptcy Code section 1142(b), and without further action by the Bankruptcy Court, the Reorganized Debtors shall be authorized to (a) enter into, execute and deliver all documents, agreements and instruments necessary or appropriate to enter into and perform all obligations under the Plan, and to take all other actions and execute, deliver, record and file all such other agreements, documents, instruments, financing statements, releases, applications, registration statements, reports and any changes, additions and/or modifications thereto in connection with the consummation of the transactions contemplated by the Plan or Plan Supplement, including, without limitation, the making of such filings or the recordings of such liens and security interests, as may be required by the Exit Facility loan documents and/or as the lender(s) under the Exit Facility may determine or require in its discretion.

VI. General Authorizations. Under Bankruptcy Code section 1142(b) and the terms of the Plan, the Debtors and the Reorganized Debtors, as the case may be, and any officers thereof, are authorized without the need for further shareholder, member or Bankruptcy Court approval to execute and deliver, and take such action as is necessary to effectuate the terms of,

implement, or further evidence, the contracts, instruments, securities and other agreements and documents contemplated by the Plan and the terms and conditions of the Plan.

VII. Vesting of Property. The vesting in the Reorganized Debtors on the Effective Date of the property of the Debtors' Estates in the Reorganized Debtors (a) is a legal, valid, and effective transfer of property, (b) vests the Reorganized Debtors with good title to such property free and clear of all Liens, Claims, and Interests, except as specifically provided in the Plan and this Confirmation Order, (c) does not constitute an avoidable transfer under the Bankruptcy Code or under applicable non-bankruptcy law, and (d) does not and shall not subject any Reorganized Debtors to any liability by reason of such transfer under the Bankruptcy Code or under applicable non-bankruptcy law. Upon the vesting of such property in each Reorganized Debtor on the Effective Date, except to the extent limited by the Plan, each Reorganized Debtor is authorized to operate its business in the ordinary course of business and is further authorized to use, acquire and dispose of such property free of any restrictions of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Court.

VIII. Cancellation of Interests/Issuance of New Common Interests. On the Effective Date, all existing Interests and existing warrants for equity interests in each of the Debtors shall be automatically deemed cancelled and Reorganized International, Reorganized Fasteel, and Reorganized Steel shall be deemed to issue shares, representing one-hundred percent of their outstanding equity interests, to Reorganized Technologies. Further on the Effective Date, the cancelled Interests in Reorganized Technologies shall be replaced with the New Common Interests. The exemption from the requirements of Section 5 of the Securities Act of 1933, 15 U.S.C. § 77e, and any state or local law requiring registration or qualification for the offer or sale of a security provided under Bankruptcy Code section 1145 applies to all new Interests issued and distributed under or in accordance with the Plan, including to Fourth Third, Investment Funding or any Holder of an Allowed General Unsecured Claim electing to receive equity in lieu of a cash distribution.

IX. Directors and Officers of the Debtors. On the Effective Date, the appointment and authority of all Directors of the Debtors shall be deemed to terminate and

Andrew Fentress, William G. Ayyad, and Barbara McKee shall be deemed appointed and authorized to serve as the members of the board of directors of each of the Debtors as of the Effective Date. Also on the Effective Date, the retention, and authority of i) Charles Gathers in his capacity as Chief Executive Officer of the Debtors and ii) Amy Van Amburgh in her capacity as Vice President of Marketing shall be deemed to terminate.

X. Administrative Expense Claims and Professional Fee Claims. All requests for payment of Administrative Claims (except with respect to Professional Fees, which shall instead be subject to the Professional Fees Bar Date and the separate procedures and deadlines set forth in the Plan) must be filed by the Administrative Claim Bar Date or the holders thereof shall be forever barred from asserting such Administrative Claims against the Debtors or from sharing in any distribution under the Plan. All final requests for payment of Professional Fee Claims pursuant to sections 327, 328, 330, 331, 503(b), or 1103 of the Bankruptcy Code must be made by application filed with the Bankruptcy Court and served on the Reorganized Debtors, their counsel, and the U.S. Trustee no later than ten (10) days after the Effective Date, unless otherwise ordered by the Bankruptcy Court. Objections to such applications by the U.S. Trustee or a Reorganized Debtor must be filed and served on the Reorganized Debtors, their counsel, the U.S. Trustee, and the requesting Professional or other entity on or before the date that is twenty (20) days (or such longer period as may be allowed by order of the Bankruptcy Court) after the date on which the applicable application was served.

XI. Assumed and Rejected Contracts and Leases. Except as otherwise provided in the Plan, or in any contract, instrument, release, indenture, or other agreement or document entered into in connection with the Plan, as of the Effective Date, the Debtors shall without further action or notice be deemed to have assumed all executory contracts and unexpired leases listed as being assumed under the Plan or Plan Supplement, and shall pay the Assumption Obligations related thereto as set forth on said list on, or as soon as practicable after, the Effective Date of the Plan. Except as otherwise provided in the Plan, or in any contract, instrument, release, indenture, or other agreement or document entered into in connection with the Plan, as of the Effective Date, the Debtors shall without further action or notice be deemed to have rejected all contracts and

leases other than those expressly designated as being assumed in the Plan or Plan Supplement, including those listed as being rejected in the Plan or Plan Supplement. If the Debtors' rejection of an executory contract or unexpired lease pursuant to the Plan gives rise to a Claim by a non-Debtor party or parties to such contract or lease, such Claims shall be forever barred and shall not be enforceable against the Debtors, their respective Estates, or the Reorganized Debtors unless a proof of Claim is filed with the Bankruptcy Court and served upon the Debtors or the Reorganized Debtors, and their respective counsel, within thirty (30) calendar days of the Effective Date of the Plan.

XII. Releases, Exculpation and Limitation of Liability. The releases set forth in Article IX of the Plan and the exculpation and limitation of liability provisions set forth in Article IX of the Plan are incorporated in this Confirmation Order as if set forth in full herein and are hereby approved in their entirety; subject to the limitations on the enforceability thereof set forth in Section 1125 of the Bankruptcy Code and under applicable law.

XIII. Injunction. Except as provided in the Plan or this Confirmation Order, as of the Effective Date, all Persons that have held, currently hold, may hold, or allege that they hold, a Claim or other debt or liability that is discharged pursuant to the terms of the Plan are permanently enjoined from taking any of the following actions against the Debtors, the Reorganized Debtors, or its property on account of any such discharged Claims, debts, or liabilities: (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (iii) creating, perfecting, or enforcing any Lien or encumbrance; or (iv) asserting a setoff or right of subrogation of any kind against any debt, liability, or obligation due to the Debtors or the Reorganized Debtors that does not comply with or is inconsistent with the provisions of the Plan; provided further, that as of the Effective Date, except to the extent prohibited or limited by applicable law, and except as provided in the Plan or this Confirmation Order, all Persons that have held, currently hold, or may hold, a Claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, or liability that is released pursuant to the Plan are permanently enjoined from taking any of the following actions on account of such released Claims, obligations, suits,

judgments, damages, demands, debts, rights, causes of action, or liabilities: (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (iii) creating, perfecting, or enforcing any Lien or encumbrance; (iv) asserting a setoff against any debt, liability, or obligation due to any Released Party; or (v) commencing or continuing any action, in any manner, in any place, or against any Person that does not comply with or is inconsistent with the provisions of the Plan, provided, however, that nothing in the Plan shall impair the rights of any party to an executory contract or unexpired lease that has been assumed by the Debtor pursuant to an order of the Bankruptcy Court or the provisions of the Plan to enforce such assumed contract or lease, or (iii) as provided for in the Plan, preclude the Holder of an Allowed Claim or Allowed Administrative Expense from enforcing the obligations of the Reorganized Debtor to it under the Plan.

XIV. Distributions; Reserves. The provisions of the Plan governing distributions, reserves and the procedures for resolving and treating Disputed Claims under the Plan are approved and found to be fair and reasonable.

XV. Section 1146(a) Waiver. Pursuant to section 1146(a) of the Bankruptcy Code, any, issuance, transfer, or exchange of any security under the Plan, or the making or delivery of any instrument of transfer under the Plan shall not be taxed under any law imposing a stamp tax or other similar tax, including, but not limited to, any taxes required to be paid or assessed on account of filings pursuant to the Uniform Commercial Code.

XVI. Creditors Committee. On the Effective Date, the Committee shall be dissolved and its members shall be deemed released of all their duties, responsibilities and obligations in connection with the Chapter 11 Cases or the Plan and its implementation, and the retention or employment of the Committee’s attorneys, accountants and other agents shall terminate.

XVII. Retention of Jurisdiction. Notwithstanding confirmation of the Plan or the occurrence of the Effective Date, the Bankruptcy Court shall retain jurisdiction over all matters arising out of, and related to, the Chapter 11 Cases and the Plan to the fullest extent permitted by

law, including among other things, jurisdiction over the matters set forth in Article X of the Plan, which provisions are incorporated herein by reference.

XVIII. Technical Adjustments. Prior to the Effective Date, the Proponents may make appropriate technical adjustments and modifications to the Plan without further order or approval of this Court, provided that such technical adjustments and modifications do not adversely affect in a material way the treatment of holders of Claims or Interests.

XIX. Failure to Consummate Plan by August 5, 2011. Unless otherwise extended in writing by Fourth Third and Investment Funding, if the Plan is not consummated and the Effective Date has not occurred by August 5, 2011, the Plan shall be null and void in all respects and nothing contained in the Plan or Confirmation Order, and no acts taken in preparation for consummation thereof, shall prejudice in any manner the rights of the Proponents or any other entity in any further proceedings involving the Debtors or constitute an admission of any sort by any of the Proponents or any other entity.

XX. Notice of Entry of Confirmation Order. The Proponents or their authorized agent shall serve notice of (a) entry of this Confirmation Order and (b) the last date to file Professional Fee Claims on all creditors of the Debtors as of the date hereof, and other parties in interest within seven (7) Business Days from the Effective Date.

XXI. Inconsistency. In the event of an inconsistency between the Plan and any other agreement, instrument, or document intended to implement the provisions of the Plan, the provisions of the Plan shall govern unless otherwise expressly provided for in such agreements, instruments, or documents. In the event of any inconsistency between the Plan and any agreement, instrument or document intended to implement the Plan and this Confirmation Order, the provisions of this Confirmation Order shall govern, unless otherwise expressly provided for in such agreements, instruments, or documents.

XXII. Enforceability. Pursuant to Bankruptcy Code sections 1123(a) and 1142(a) and the provisions of this Confirmation Order, the Plan, the Plan Supplement and all plan-related documents shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

###

DATED: July 22, 2011

United States Bankruptcy Judge

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: SHEPPARD, MULLIN, RICHTER & HAMPTON LLP, Four Embarcadero Center, 17th Fl, San Francisco CA 94111

A true and correct copy of the foregoing document described as ***FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER APPROVING FIRST AMENDED JOINT PLAN OF REORGANIZATION OF AFFILIATED DEBTORS UNDER CHAPTER 11 OF THE BANKRUPTCY CODE*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _______, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On *July 22, 2011*, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*Served by Federal Express (Monday Delivery):*
United States Bankruptcy Court
The Honorable Robert Kwan
411 West Fourth Street, Suite 5165
Santa Ana, CA 92701-4593

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ___________, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 22, 2011 | LISA SEMERARO | /s/ Lisa Semeraro |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER APPROVING FIRST AMENDED JOINT PLAN OF REORGANIZATION OF AFFILIATED DEBTORS UNDER CHAPTER 11 OF THE BANKRUPTCY CODE** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF") –** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **July 22, 2011**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

Henkie F Barron hbarron@winston.com, docketsf@winston.com
Frank Cadigan frank.cadigan@usdoj.gov
Shirley Cho scho@pszjlaw.com
Jeffrey W Dulberg jdulberg@pszjlaw.com
Peter L Duncan peterd@psdslaw.com, chelam@psdslaw.com
Donald English dae@englishapc.com
Beth Gaschen bgaschen@wgllp.com
Nancy S Goldenberg nancy.goldenberg@usdoj.gov
Gail S Greenwood jfoo@friedumspring.com
Ori Katz okatz@sheppardmullin.com
Aaron J Malo amalo@sheppardmullin.com
Margaret M Mann , michelemcconnell@sheppardmullin.com
Margaret M Mann mmann@sheppardmullin.com, michelemcconnell@sheppardmullin.com
J. Barrett Marum bmarum@sheppardmullin.com, danderson@sheppardmullin.com
Jeffrey N Pomerantz jpomerantz@pszjlaw.com
Justin E Rawlins jrawlins@winston.com, docketla@winston.com
Daniel H Reiss dhr@lnbyb.com
Terrel Ross tross@trcmllc.com
Robert K Sahyan rsahyan@sheppardmullin.com
Gerald N Sims jerrys@psdslaw.com, bonniec@psdslaw.com
Evan D Smiley esmiley@wgllp.com
Philip E Strok pstrok@wgllp.com
United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
Gilbert B Weisman notices@becket-lee.com
Andrew F Whatnall awhatnall@daca4.com
Pamela Jan Zylstra zylstralaw@gmail.com

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

MMFX Technologies Corporation
2415 Campus Drive, Suite 100
Irvine, CA 92612

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below: